**MOTION PICTURE ASSOCIATION OF AMERICA, INC., et al.,**

v.

**Arlen SPECTER, District Attorney of Philadelphia.**

**No. 70–1751.**

United States District Court, E. D. Pennsylvania.

Aug. 12, 1970.

Schnader, Harrison, Segal & Lewis, Irving R. Segal, Samuel D. Slade, Philadelphia, Pa., for plaintiffs.

Arlen Specter, Dist. Atty. of Philadelphia, David Richman, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

Before HASTIE, Chief Judge, Circuit Court of Appeals, and KRAFT and BODY, District Judges.

OPINION AND ORDER

KRAFT, District Judge.

The plaintiffs here challenge the constitutionality of a recently enacted amendment to Pennsylvania's Penal

Code.[1] Following the entry of a temporary restraining order[2] on June 29, 1970, a Three-Judge Court was convened.[3] At the hearing on the plaintiffs' motion for a preliminary injunction on July 7, 1970, by agreement, the trial on the merits was advanced and consolidated with the preliminary injunction hearing. Fed.R.Civ.P. 65(a) (2).

Resort to extensive testimony was avoided by oral stipulations of counsel and by admissions in the answer of the District Attorney of the truth of the facts alleged in paragraphs 1 through 5 and 7 through 18[4] of plaintiffs' complaint. Accordingly, the facts so admitted in the pleadings are adopted by us and constitute, in part, our findings of fact.

It will be noted that this criminal statute, by reference, purports to adopt as its standards the ratings or standards of the Code and Rating Administration of the Motion Picture Association of America. One thing is immediately apparent. The ratings employed by the Association do not correspond to the statutory standards of "suitable" or "not suitable for family or children's viewing." The Association's ratings are:

"G—All ages admitted. General audiences."

"GP—All ages admitted. Parental guidance suggested."

"R—Restricted. Under 17 requires accompanying parent or adult guardian."

"X—No one under 17 admitted."

Ratings "G" and "GP" appear to encompass all "families", including "children". Category "R", however, indicates suitability for all, except children under 17 unaccompanied by parent or adult guardian. Category "X" indicates suitability for all except children under 17. By implication the Association's standards appear to define a child as one under 17 years of age, but the statute omits any age definition of "children".

The evidence clearly established that the Code and Rating Administration of the Association has itself no defined standards or criteria against which to measure its ratings. Twelve persons, four in New York and eight on the Pacific coast, do the rating, a voluntary Association undertaking. Films viewed are simply graded according to the individual reactions of the viewing members. However, when advertising "trailers" for films rated "X" are submitted they are subjected to more careful scrutiny than the films they advertise and, generally, are akin to G-rated films.

1. Act No. 100 provides, in pertinent part, as follows:

"Section 1. The Act of June 24, 1939 (P.L. 872), known as 'The Penal Code' is amended by adding before section 531, a new section to read:

'Section 530.1. Exhibitions; False Advertisement.—Whoever advertises or represents to the public through publication of a rating established by the Code and Rating Administration of the Motion Picture Association of America that a particular film, reel or view, is suitable for family or children's viewing and during the performance of which said particular film, reel or view is to be displayed, whether it be prior to, during or after the exhibition thereof, knowingly exhibits, shows, previews or advertises on its motion picture screen or permits to be exhibited, shown, previewed or advertised on its motion picture screen any film, reel or view or any portion of any film, reel or view which under the standards of the Code and Rating Administration of the Motion Picture Association of America, is not suitable for family or children's viewing is guilty of a misdemeanor and on conviction thereof, shall, for the first offense, be sentenced to pay a fine not exceeding one thousand dollars ($1,000) and for any subsequent offense, shall be sentenced to pay a fine not exceeding two thousand dollars ($2,000) or undergo imprisonment for a period not exceeding two (2) years, or both.'"

2. 28 U.S.C. § 2284(3).

3. 28 U.S.C. §§ 2281, 2284.

4. Paragraph 6 was admitted in part, and paragraphs 19(a) through 19(e) and 20 and 21(a) through 21(e) were denied.

This is done to protect patrons at exhibitions of films rated "G" or "GP" against unwitting exposure to a possibly offensive trailer for an "X"-rated film.

Turning our attention to the substantive issue, it is manifest from a reading of Act No. 100 that, however well-intended, it is so patently vague and lacking in any ascertainable standards and so infringes upon the plaintiffs' rights to freedom of expression, as protected by the First and Fourteenth Amendments to the Federal Constitution, as to render it unconstitutional. Interstate Circuit v. Dallas, 390 U.S. 676, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968). The conclusory standards "suitable for family or children's viewing" and "not suitable for family or children's viewing" are left undefined in the statute and the attempted recourse to Association ratings is of no avail.

The statute subjects to criminal sanctions only those who show films rated by the Association, since exhibitors who do not show rated films,—and there are many—cannot violate this law. Such discrimination tends strongly to discourage the exercise by plaintiffs of First Amendment freedom. That no plaintiff has yet been prosecuted is of no consequence. "For (t)he threat of sanctions may deter * * * almost as potently as the actual application of sanctions. * * *" Dombrowski v. Pfister, 380 U.S. 479, 486, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22 (1965).

Accordingly, we conclude that the plaintiffs have established their right to equitable relief.

The foregoing Opinion embodies the Court's findings of fact and conclusions of law, conformably to Fed.R.Civ.P. 52(a).

### ORDER

Now, this 12th day of August, 1970, it is adjudged that:

1. Act No. 100 amending the Penal Code of the Commonwealth of Pennsylvania (1939 P.L. 872) by adding thereto Section 530.1 is unconstitutional.

2. The defendant, Arlen Specter, District Attorney in and for Philadelphia County, is hereby restrained and enjoined from enforcing the provisions of the aforesaid Act.