**Dennis GALL, Plaintiff,**

v.

**William E. LAWLER, Individually and as City Attorney of the City of Waukesha, Wisconsin, Melvin Jones, Individually and as Chief of Police of the City of Waukesha, Wisconsin, their agents, assistants, successors, employees, attorneys, and all persons acting in concert or cooperation with them or at their direction or under their control, Defendants.**

No. 70–C–478.

United States District Court,
E. D. Wisconsin.

Jan. 27, 1971.

William M. Coffey, Milwaukee, Wis., for plaintiff.

William E. Lawler, City Atty., Waukesha, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The complaint in this action seeks both declaratory and injunctive relief in connection with chapter 910 of the municipal code of the city of Waukesha. At a hearing held on August 27, 1970, a briefing schedule was established, and it was also agreed that an evidentiary hearing would be ordered only if the briefs of the parties showed that there were substantial issues of fact. I find no important disagreements as to the facts and therefore will proceed to resolve the merits of this controversy on the submissions which have already been made.

Defendants demand that the action be dismissed and the plaintiffs seek judgment pursuant to their complaint.

On August 11, 1970, a man, who is not identified by name in the pleadings, was arrested on the streets of Waukesha for an alleged violation of chapter 910. Without having any formal license to do so, he had been selling an "underground" paper called "Kaleidoscope". Subsequently, on August 14, 1970, the plaintiff, who is associated with Kaleidoscope, spoke with the city attorney of Waukesha. The plaintiff asserts that the city attorney informed him that anyone who attempted to sell Kaleidoscope without first having obtained a "transient merchant" permit would be prosecuted under chapter 910.

Chapter 910 requires licensing for peddlers, solicitors and transient merchants. Those terms are defined in the ordinance. There is also a provision requiring persons to whom the chapter applies to register with the chief of police, who is to obtain from them "evidence of identity and good moral character * * * including fingerprints and photographs." The ordinance further provides that:

"If the Chief of Police shall determine after reasonable investigation, that the applicant is of good moral character and proposes to engage in a lawful or legitimate enterprise, or is soliciting for a bona fide charitable purpose, he shall then issue the identification card applied for * * *"

The ordinance specifies a license fee of $5.00 a day for a peddler or a solicitor and $100.00 a day for a transient merchant.

The defendants first contend that the court is without jurisdiction in this case. They point out that the man who was actually arrested for violating the ordinance is not a party to this action; thus, they challenge Mr. Gall's standing to question the validity of the ordinance. I reject this contention. Mr. Gall has a sufficient interest in Kaleidoscope to warrant his acting as a plaintiff in this case.

The distribution of Kaleidoscope involves a form of constitutionally

protected expression, and thus, jurisdiction in this court is appropriate under Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Insofar as the complaint seeks declaratory relief, this court has the duty to proceed pursuant to the decision of the United States Supreme Court in Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L. Ed.2d 444 (1967). In the recent decision in Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515, decided January 19, 1971, the court said:

> " * * * The Act on its face gives the chief of police the power to do what he did to the appellee. Hence the naked question, uncomplicated by an unresolved state law, is whether that Act on its face is unconstitutional. As we said in Zwickler v. Koota, 389 U.S. 241, 251 [88 S.Ct. 391, 19 L.Ed.2d 444], abstention should not be ordered merely to await an attempt to vindicate the claim in a state court. Where there is no ambiguity in the state statute, the federal court should not abstain but proceed to decide the federal constitutional claim. Id., at 250–251 [88 S.Ct. at 396–397]. We would negate the history of the enlargement of the jurisdiction of the federal district courts, if we held the federal court should stay its hand and not decide the question before the state courts decided it."

Similarly, in the case at bar, the ordinance authorizes the chief of police to license all peddlers and does not distinguish between one selling goods and one distributing a point of view.

In N. A. A. C. P. v. Alabama, 377 U.S. 288, 307, 84 S.Ct. 1302, 1314, 12 L.Ed.2d 325 (1964), the court said:

> "This Court has repeatedly held that a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms."

If the sale of "merchandise" includes the distribution of a polemic such as Kaleidoscope, it follows that the ordinance invades first amendment rights. Speechmaking, leafletting, and the distribution of an underground paper such as Kaleidoscope are all protected rights under the first amendment of the United States Constitution. Although Kaleidoscope was not distributed free, but, instead, was sold for twenty-five cents apiece, such circumstance does not deprive the distribution of its inherent first amendment characteristics.

In Kiiskila v. Nichols, 433 F.2d 745 (7th Cir. 1970), the court pointed out that the distribution of leaflets is a form "of expression in which every citizen is free to engage." The court went on to note, at page 751:

> " * * * It is now well established, however, that constitutional guarantees of free speech and association do not permit the government to forbid or proscribe speech or other protected conduct unless that conduct is directed to inciting or producing imminent lawless action."

Insofar as the ordinance applies to first amendment rights, it is fatally overbroad. The licensing provision of the ordinance which might properly apply to a transient vacuum cleaner salesman becomes constitutionally offensive when it is applied to the distribution of ideas.

Notwithstanding the fact that Kaleidoscope is sold for a nominal sum, it is reasonably clear that its distribution is a form of free expression, which may be circumscribed only in ways which will not unduly impinge on the rights protected by the first amendment. To require one who dispenses Kaleidoscope to pay a $100.00 a day license fee and to be fingerprinted by the chief of police before such license shall issue, offends the United States Constitution.

The ordinance also contains the evil of "prior restraint" insofar as it requires a circulator of ideas first to seek authorization from the chief of police. See

Near v. Minnesota, 283 U.S. 697, 51 S. Ct. 625, 75 L.Ed. 1357 (1931); Joseph Burstyn, Inc. v. Wilson, 343 U.S. 495, 72 S.Ct. 777, 96 L.Ed. 1098 (1952). The ordinance's overbreadth is also apparent from the degree of discretion which it grants to the chief of police, without adequately defining the controlling standards.

In Saia v. New York, 334 U.S. 558, 559–560, 68 S.Ct. 1148, 1149, 92 L.Ed. 1574 (1948), the court said:

"We hold that § 3 of this ordinance is unconstitutional on its face, for it establishes a previous restraint on the right of free speech in violation of the First Amendment which is protected by the Fourteenth Amendment against State action. To use a loud-speaker or amplifier one has to get a permit from the Chief of Police. There are no standards prescribed for the exercise of his discretion. The statute is not narrowly drawn to regulate the hours or places of use of loud-speakers, or the volume of sound (the decibels) to which they must be adjusted."

The absence of sufficient standards in the case at bar is akin to the situation in Wisconsin Student Association v. Regents of University of Wisconsin, 318 F.Supp. 591 (W.D.Wis.1970). The ordinance authorizes the chief of police to determine whether an applicant for a license is of "good moral character" and whether the purpose of his application is "to engage in a lawful or legitimate enterprise." This delegation of discretion to the police chief, in the absence of more express standards, also serves to render the ordinance invalid.

The plaintiff is entitled to a declaration by this court that the ordinance is unconstitutional. However, injunctive relief will not be granted at this time. In the event efforts are made by the defendants to enforce the ordinance in cases involving first amendment rights, reapplication may be made to this court for injunctive relief.

Now, therefore, it is ordered that chapter 910 of the municipal code of the city of Waukesha, Wisconsin, be and hereby is declared in violation of the first amendment of the United States Constitution.