**NATIONAL ASSOCIATION OF THEA-TRE OWNERS OF WISCONSIN, INC., et al., Plaintiffs,**

**v.**

**MOTION PICTURE COMMISSION of the CITY OF MILWAUKEE, et al., Defendants.**

**Civ. A. No. 70–C–570.**

United States District Court, E. D. Wisconsin.

June 2, 1971.

David E. Beckwith and Walter F. Kelly, Milwaukee, Wis., for plaintiffs.

John J. Fleming, City Atty., by Patrick J. Madden and William J. Lukacevich, Principal Asst. City Attys., and Joseph H. McGinn, Asst. City Atty., Milwaukee, Wis., for defendants.

## FINDINGS OF FACT

REYNOLDS, District Judge.

This is an action by most of the motion picture exhibitors in Milwaukee to prohibit the local Motion Picture Commission, operating under a city ordinance, from classifying films and initiating legal proceedings to have some of them declared obscene. The plaintiffs seek a declaratory judgment of the facial constitutionality and an injunction against the operation and enforcement of Ch. 106–9.5(5) of the Milwaukee Code of Ordinances which provides as follows:

"(5) *Motion Picture Code and Rating Program established.*

"*It shall be mandatory that no person shall exhibit a motion picture film (with the exception of newsreels, animated cartoons or educational films for schools) to the public without first applying to the Milwaukee Motion Picture Commission, not less than ten (10) days before the proposed exhibition, for classification of the film by the Commission.*

"*(a) At least three (3) members of the Commission, including aides, shall be present at a pre-arranged screening and recommend a classification for a film, the majority vote prevailing. The film shall be classified as one of the following: 'General Audience'— meaning no restriction for any age; 'Mature Entertainment'—indicating that the film may contain subject matter not suitable for children and*

*that parental discretion is required— this classification shall not operate to restrict the sale of admission tickets to anyone; or 'Adults Only'—which shall restrict the admission of minors under 18 as provided by Section 106– 9.5 of the Milwaukee Code.*

"(b) *When the Commission feels that a film is objectionable because of pornographic or obscene content, the Commission shall classify the film 'ADULTS ONLY' and proceed under the provisions of Section 269.565 of the Wisconsin Statutes to seek a declaratory judgment against obscene matter.*

"(c) *The executive secretary of the Motion Picture Commission shall cause the distributor and/or prospective exhibitors to be notified of the Motion Picture Commission classification within three (3) working days after the review.*

"(d) *All classifications recommended by the Motion Picture Commission shall be carried in all newspaper advertising in type of bold face and at least 25% of the size of the film title, regardless of the classification of any other rating group, and shall be announced in all radio and television advertising. The classification shall also be prominently displayed at the theatre box office ticket window in such position noticeable to anyone purchasing tickets. All category listings shall have the initials 'MPC' appended whenever used in advertising.*

"(e) *Any person failing to submit a motion picture, except newsreels, animated cartoons, or educational films, for classification by the Motion Picture Commission shall be subject to revocation of theatre license under Section 83–7 of the Milwaukee Code of Ordinances.*"

The complaint in this action was filed on October 12, 1970, and the defendants were served on October 14, 1970. On October 16, 1970, plaintiffs moved for a temporary restraining order to restrain

the operation or enforcement of the challenged ordinance. On October 19, 1970, plaintiffs' motion for a temporary restraining order was granted after a hearing by the Court pending a hearing on the plaintiffs' motion for a preliminary injunction.

On November 3, 1970, the Court commenced the hearing on the preliminary injunction by hearing that portion of the defendants' argument which concerned the entitlement of the corporate plaintiffs to Fourteenth Amendment protection. The Court determined that corporations are persons within the meaning of the Fourteenth Amendment, and the temporary restraining order was continued in effect. On November 5, 1970, defendants filed their answer to the plaintiffs' amended complaint which had been filed on October 27, 1970.

On November 12, 1970, plaintiffs moved this Court to advance and consolidate their request for permanent injunctive relief with their motion for preliminary injunction and to grant them summary declaratory judgment and permanent injunctive relief. On December 18, 1970, a hearing was held at which time testimony was presented concerning the test case function of the plaintiff, National Association of Theatre Owners of Wisconsin, Inc. (hereinafter "NATO"); the background, function, and history of the defendant, Motion Picture Commission; and the irreparable, economic injury that would be suffered by the plaintiffs as a result of the defendant Commission's operation and enforcement of the ordinance in suit.

The plaintiff, NATO, is a nonprofit corporation organized under the laws of the State of Wisconsin with its principal place of business in Milwaukee, Wisconsin. NATO is organized to assist its members, who are motion picture exhibitors in the State of Wisconsin and the northern part of the State of Michigan, in the analysis of governmental decisions and programs affecting the exhibition of motion picture films and in the planning and preparation of advertising for the exhibition of motion picture films. It is one of the essential functions of NATO to participate in the litigation of cases concerning governmental programs or decisions which affect its members.

The plaintiff, Marcus Theatres Management Corporation (hereinafter "Marcus"), is a corporation duly organized for profit under the laws of the State of Wisconsin with its principal place of business in Milwaukee, Wisconsin; the plaintiff, U.A. Theatres of Wisconsin, Inc. (hereinafter "U.A."), is a corporation duly organized for profit under the laws of the State of Wisconsin with its principal place of business in Milwaukee, Wisconsin; the plaintiff, RKO-Stanley Warner Theaters, Inc. (hereinafter "RKO"), is a corporation duly organized for profit under the laws of the State of Delaware and is qualified to do business in the State of Wisconsin; and the plaintiff, Milwaukee Towne Corporation (hereinafter "Towne"), is a corporation duly organized for profit under the laws of the State of Wisconsin with its principal place of business in Milwaukee, Wisconsin.

The business of plaintiffs, Marcus, U. A., RKO, and Towne, consists of the exhibition of motion picture films to the viewing public in theatres owned and operated by them in the State of Wisconsin and the City of Milwaukee.

The defendant, Motion Picture Commission of the City of Milwaukee (hereinafter "Commission"), is a Commission of the City of Milwaukee, originally formed pursuant to Common Council Resolution, File No. 12428 (Feb. 26, 1917), for the purpose of providing advice with respect to motion picture films exhibited in Milwaukee. Prior to October 12, 1970, there was no resolution, ordinance, regulation, rule, or other written law defining or describing any standards of classification or process for classification of motion picture films to be exhibited in Milwaukee. Nevertheless, for several decades prior to October 12, 1970, the Commission, pursuant to its understanding of the original funding resolution, has by custom and usage

classified motion picture films to be exhibited in Milwaukee. In some instances the Commission has classified motion picture films to be exhibited without having viewed such films. The classifications given to motion picture films have been published in the Milwaukee newspapers by placement of the particular classification within the advertisement of the particular film.

On October 19, 1970, the Commission was empowered pursuant to Ch. 106–9.5(5) to classify and censor motion picture films to be exhibited in Milwaukee.

Ch. 106–9.5(5) of the Milwaukee Code of Ordinances was enacted by the Common Council of the City of Milwaukee on October 6, 1970, was signed by the Mayor of Milwaukee on October 14, 1970, and became effective as of October 19, 1970, by publication on that date in The Daily Reporter in the City of Milwaukee, but its enforcement was enjoined by a temporary restraining order issued by this court on October 19, 1970, and this restraining order has remained in effect.

The defendant, Valentine J. Wells, is the Executive Secretary and only compensated member of the Commission. It is Wells' duty to administer the regular operation of the Commission.

The defendant, John J. Fleming, is the City Attorney for the City of Milwaukee and as such is charged generally with the duty of prosecuting violations of ordinances of the City of Milwaukee. It is one of his duties to prosecute violations of Ch. 106–9.5(5) of the Milwaukee Code of Ordinances.

The operation of Ch. 106–9.5(5) will cause a diminution in the gross income of the plaintiff exhibitors by virtue of its absolute prohibition of persons under eighteen years of age from viewing certain motion picture films classified "adults only" by the Commission and by virtue of its classification of certain films as "mature entertainment," the advertisement of which tends to discourage attendance by persons under the age of eighteen years.

The operation of Ch. 106–9.5(5) will interfere substantially with a nationally structured process of distributing, advertising, and exhibiting motion picture films.

## CONCLUSIONS OF LAW

This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(3), 1343(4), and 42 U.S.C. § 1983.

■ The plaintiffs, which are corporate entities, are "persons" within the meaning of the Fourteenth Amendment to the United States Constitution. Grosjean v. American Press Co., 297 U.S. 233 at 244, 56 S.Ct. 444, 80 L.Ed. 660 (1936); Adams v. City of Park Ridge, 293 F.2d 585 at 587–88 and n. 5 (7th Cir. 1961). Cf. Bantam Books v. Sullivan, 372 U.S. 58 at 64–65 n. 6, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963).

■ The exhibitor plaintiffs have standing to attack the constitutionality of Ch. 106–9.5(5) of the Milwaukee Code of Ordinances. Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1492, 20 L.Ed.2d 947 (1968). See Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970). Cf. Bantam Books v. Sullivan, 372 U.S. 58 at 64–65 n. 6, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963). See generally Davis, The Liberalized Law of Standing, 37 U.Chi.L.Rev. 450 (1970).

■ The institutional plaintiff, NATO, has standing to attack the constitutionality of Ch. 106–9.5(5) of the Milwaukee Code of Ordinances. N.A.A.C.P. v. Button, 371 U.S. 415 at 428, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Louisiana ex rel. Gremillion v. N.A.A.C.P., 366 U.S. 293 at 296, 81 S.Ct. 1333, 6 L.Ed.2d 301 (1961); Bates v. City of Little Rock, 361 U.S. 516 at 523 n. 9, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960); N.A.A.C.P. v. Alabama ex rel. Patterson, 357 U.S. 449 at 458–60, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958).

■ The defendant Commission has capacity to be sued as a matter of state law. Majerus v. Milwaukee County, 39 Wis.2d 311, 159 N.W.2d 86 (1968); Townsend v. Wisconsin Desert Horse Association, 42 Wis.2d 414, 167 N.W.2d 425 (1969). It therefore has capacity to be sued as a matter of federal law. Rule 17(b)(1), F.R.Civ.P. See 3A Moore's Federal Practice, ¶ 17.25 at p. 860 (1967).

■ Section 895.43(3), Wis.Stats., which deals with tort actions against political subdivisions, provides no immunity to defendants in this action which seeks declaratory and equitable relief for violation of 42 U.S.C. § 1983. Schnell v. City of Chicago, 407 F.2d 1084 at 1086 (7th Cir. 1969); Abel v. Gousha, 313 F.Supp. 1030 (E.D.Wis. 1970); Gouge v. Joint School District No. 1, 310 F.Supp. 984 at 989 (W.D.Wis. 1970).

■ This case is a fully ripened, presently justiciable "case or controversy" within the meaning of Article III of the Constitution, because Ch. 106–9.5(5) of the Milwaukee Code of Ordinances is presently effective and operates mandatorily upon plaintiffs as an unconstitutional scheme of prior restraint, subjecting them to disruption of business, diminution of income, and threatened revocation of theatre licenses. See, e. g., Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); Bantam Books v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963); Shuttlesworth v. Birmingham, 394 U.S. 147 at 151, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969); Freedman v. Maryland, 380 U. S. 51 at 56–57, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965); Motion Picture Association of America, Inc. v. Specter, 315 F.Supp. 824 (E.D.Pa.1970); Universal Film Exchanges, Inc. v. City of Chicago, 288 F. Supp. 286 at 290 (N.D.Ill.1968); Strasser v. Doorley, 309 F.Supp. 716 (D.R.I. 1970), affirmed with modification 432 F.2d 567 (1st Cir. 1970). See generally Davis, 3 Administrative Law Treatise 116–208 (1958), 41, 45–46 (1965 Pocket Part); Currie, Federal Courts, 46–50 (West Pub. Co. 1968).

■ Plaintiffs are entitled to the issuance of a permanent injunction against the operation and enforcement of Ch. 106–9.5(5) of the Milwaukee Code of Ordinances, because the ordinance on its face effectively chills the exercise of First Amendment rights. Dombrowski v. Pfister, 380 U.S. 479 at 490, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Motion Picture Association of America, Inc. v. Specter, 315 F.Supp. 824 (E.D.Pa.1970). See Grove Press, Inc. v. City of Philadelphia, 300 F.Supp. 281 at 288 (E.D.Pa.1969), affirmed 418 F.2d 82 at 86, 91 (3rd Cir. 1969); Engdahl v. City of Kenosha, 317 F.Supp. 1133 (E.D.Wis.1970).

■ Plaintiffs are entitled to the issuance of a permanent injunction against the operation and enforcement of Ch. 106–9.5(5) of the Milwaukee Code of Ordinances, because the operation and enforcement of the ordinance against plaintiffs will cause diminution of income irremediable by an action at law. Truax v. Raich, 239 U.S. 33 at 37–39, 36 S.Ct. 7, 60 L.Ed. 131 (1915).

■ Plaintiffs are entitled to the issuance of a permanent injunction against the operation and enforcement of Ch. 106–9.5(5) of the Milwaukee Code of Ordinances, because the operation and enforcement of the ordinance against plaintiffs will interfere substantially with a nationally structured process of distributing, advertising, and exhibiting motion picture films. Bantam Books v. Sullivan, 372 U.S. 58 at 64–65 n. 6, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963); Pierce v. Society of Sisters, 268 U.S. 510, 534–536, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915); Kingsley International Picture Corp. v. Blanc, 396 Pa. 448, 153 A.2d 243 (1959).

■ The doctrine of abstention is inapplicable to this case. Zwickler v. Koota, 389 U.S. 241 at 245–52, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

**12**

This case is appropriate for advancement and consolidation of plaintiffs' hearing on the merits with plaintiffs' motion for preliminary injunction. Rule 65(a) (2), F.R.Civ.P. Cf. Singleton v. Anson County Board of Education, 387 F.2d 349 (4th Cir. 1967).

This case is appropriate for summary declaratory judgment with respect to the constitutionality of Ch. 106–9.5(5) of the Milwaukee Code of Ordinances, because there is no genuine issue of material fact, and because, as will appear in the following conclusions of law, plaintiff exhibitors are entitled to judgment as a matter of law. Rule 56(c), F.R. Civ.P.

■ Ch. 106–9.5(5) violates the First and Fourteenth Amendments to the United States Constitution because it establishes a system for the classification of motion picture films to be exhibited in Milwaukee but fails to guarantee a prompt, final judicial review of the classification. Bantam Books v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963) ; Freedman v. Maryland, 380 U.S. 51, 56 (1965) ; Teitel Film Corp. v. Cusack, 390 U.S. 139, 88 S.Ct. 754, 19 L.Ed.2d 966 (1968) ; Engdahl v. City of Kenosha, 317 F.Supp. 1133 (E.D.Wis. 1970).

Ch. 106–9.5(5)(b) does not provide the constitutionally required judicial review of classifications established by Ch. 106–9.5(5)(a). Rather, Ch. 106–9.5(5) (b) constitutes a separate function of the Commission to attempt to have a film declared obscene pursuant to § 269.-565, Wis.Stats., when it "feels" that a classified film is obscene or pornographic.

■ Ch. 106–9.5(5) violates the First and Fourteenth Amendments to the United States Constitution, because it fails to state clear and certain standards for its classifications. Interstate Circuit v. Dallas, 390 U.S. 676, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968).

This decision shall constitute my findings of fact and conclusions of law in accordance with Rule 52(a), F.R.Civ.P.

ORDER

Upon the foregoing findings of fact and conclusions of law,

It is ordered:

1. Plaintiffs' motion for advancement and consolidation of the hearing on the merits of their complaint with their motion for preliminary injunction is hereby granted.

2. Ch. 106–9.5(5) of the Milwaukee Code of Ordinances is adjudged and decreed to violate the First and Fourteenth Amendments to the United States Constitution.

3. The defendants, their agents, employees, and all other persons acting on their behalf are hereby enjoined permanently from operating pursuant to, enforcing, or attempting to enforce in any manner Ch. 106–9.5(5) of the Milwaukee Code of Ordinances.