**ANNEX ENTERPRISES, INC., a Wisconsin corporation, Plaintiff,**

v.

**James B. BRENNAN, City Attorney, City of Milwaukee; Harold Breier, Chief of Milwaukee Police Department; and their agents, employees, assistants, and all others acting in concert with them or at their command, Defendants.**

No. 73-C-542.

United States District Court,
E. D. Wisconsin.

Oct. 23, 1973.

———◆———

Shellow & Shellow, by Stephen M. Glynn, Milwaukee, Wis., for plaintiff.

James B. Brennan, City Atty., of Milwaukee by Roch Carter, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a civil action seeking a preliminary injunction, a declaratory judgment, and a permanent injunction. The plaintiffs include Annex Enterprises, Inc. (Annex), which operates the Strictly for Adults-North bookstore in Milwaukee, Wisconsin; Frank Lellie, an officer of Annex; and Robert Chirby, an officer-designate of Annex. They challenge as unconstitutional § 84-8 of the Municipal Ordinances of the City of Milwaukee, which relates to the licensing of coin-operated movie machines. Section 84-8 reads in pertinent part:

"(1) No . . . corporation shall, within the City of Milwaukee, operate an amusement arcade without first having procured a license so to do, as provided in this section.

"(2) 'Amusement arcade' is defined to mean a place where amusement is furnished for profit through or by one

or more automatic or manually operated picture devices.

"(3) No license shall be granted to any person or persons who has not or have not resided in the county of Milwaukee continuously for at least two (2) years prior to the date of filing the application, nor shall any such license be granted or issued to any person who had habitually been a petty law offender. . . The provisions of this section shall not apply to a Wisconsin Corporation. Such provisions apply, however, to all officers and directors of such corporation.

"(4) No corporation organized under the laws of this state or any other state shall be given a license to operate an amusement arcade until such corporation shall be first appointed, in such manner as the common council shall by regulation prescribe, as agent a citizen of the United States (sic) . . ., nor unless such agent is with respect to his character, record and reputation satisfactory to the common council of the city of Milwaukee. * * * The provisions of this section shall not apply to duly organized fraternal organizations.

"(5) Every applicant for a license shall, before delivery of the license, file with the city treasurer a cash bond to the city of Milwaukee in the sum of five hundred ($500) with the condition that the applicant during the continuance of his license will not violate any provision of this section, and that he will pay all damages of judgments that may be recovered against him by any person as a result of his operation under the license. . . . ."

Specifically, the plaintiffs, who allege that the defendants have threatened them with arrest and prosecution if they exhibit movies in their machines without first obtaining an amusement arcade license under § 84–8, challenge that ordinance upon five grounds.

First, plaintiffs urge that the ordinance's two-year durational residency requirement infringes upon their rights and is not justified by a compelling state interest. See Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Secondly, they argue that its "habitual petty law offender" prohibition is constitutionally defective for facial vagueness. See National Association for the Advancement of Colored People v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Cramp v. Board of Public Instruction, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961).

Thirdly, the ordinance's "satisfactory character, record, and reputation" standard allegedly does not prescribe sufficient standards for the granting of a license. See Staub v. City of Baxley, 355 U.S. 313, 78 S.Ct. 277, 2 L.Ed.2d 302 (1958); Gall v. Lawler, 322 F.Supp. 1223 (E.D.Wis.1971); Wisconsin Student Association v. Regents of University of Wis., 318 F.Supp. 591 (W.D. 1970).

Fourthly, it is contended that the ordinance's "fraternal organization" exception denies the plaintiffs equal protection. See Police Department of Chicago v. Mosley, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972).

Finally, plaintiffs point out that the ordinance does not provide for a speedy administrative determination and for prompt judicial review. See United States v. Thirty-Seven Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971); National Association of Theatre Owners of Wisconsin, Inc. v. Motion Picture Commission of the City of Milwaukee, 328 F.Supp. 6 (E.D.Wis. 1971).

I have reviewed the authorities cited by the plaintiffs in support of their position and conclude that the defendants are correct in the concession (contained in their letter to the court dated October 17, 1973) that they "cannot present to the court an arguably meritorious legal position with respect to the ordinance in question" in view of the "developments

in the law that have occurred since the adoption of Sec. 84–8 in 1945." Accordingly, I find that § 84–8 of the City of Milwaukee Municipal Ordinances is unconstitutional and that the defendants cannot prosecute thereunder.

Therefore, it is ordered that the defendants are permanently enjoined from prosecuting under § 84–8 of the City of Milwaukee Municipal Ordinances.