## TEITEL FILM CORP. ET AL. v. CUSACK ET AL., MEMBERS OF THE MOTION PICTURE APPEAL BOARD OF THE CITY OF CHICAGO.

No. 787. Decided January 29, 1968.

*Elmer Gertz* and *Leon N. Miller* for appellants.

*Raymond F. Simon* and *Marvin E. Aspen* for appellees.

PER CURIAM.

This appeal seeks review of judgments of the Supreme Court of Illinois which affirmed orders of the Circuit Court of Cook County permanently enjoining the appellants from showing certain motion pictures in public places in the City of Chicago, 38 Ill. 2d 53, 230 N. E. 2d 241. The questions presented are whether the Chicago Motion Picture Censorship Ordinance is unconstitutional on its face and as applied, and whether the films involved are obscene.[1]

---

[1] In light of our decision, we do not reach, and intimate no view upon, the question whether the films are obscene.

The Chicago Motion Picture Censorship Ordinance prohibits the exhibition in any public place of "any picture . . . without first having secured a permit therefor from the superintendent of police." The Superintendent is required "within three days of receipt" of films to "inspect such . . . films . . . or cause them to be inspected by the Film Review Section . . . and within three days after such inspection" either to grant or deny the permit.[2] If the permit is denied the exhibitor may within seven days seek review by the Motion Picture Appeal Board. The Appeal Board must review the film within 15 days of the request for review, and thereafter within 15 days afford the exhibitor, his agent or distributor a hearing. The Board must serve the applicant with written notice of its ruling within five days after close of the hearing. If the Board denies the permit, "the Board, within ten days from the hearing, shall file with the Circuit Court of Cook County an action for an injunction against the showing of the film." A Circuit Court Rule, General Order 3–3, promulgated May 26, 1965, provides that a "complaint for injunction . . . shall be given priority over all other causes. The Court shall set the cause for hearing within five (5) days after the defendant has answered . . . ."[3] However, neither the rule nor any

---

[2] The ordinance was amended during the pendency of the case before the Illinois Supreme Court to require inspection within three days after submission of the films. The members of the Superintendent's Film Review Section, upon his request, "review each motion picture submitted and . . . recommend in writing to the superintendent of police whether to grant or deny a permit."

[3] Comments of the trial judge in this case suggest doubt whether the trial court regarded compliance with this rule to be mandatory:

"Mr. Aspen [counsel for the City]: As far as the Court is concerned, it is my understand [sic] that Judge Boyle in General Rule

statutory or other provision assures a prompt judicial decision of the question of the alleged obscenity of the film.

The Illinois Supreme Court held "that the administration of the Chicago Motion Picture Ordinance violates no constitutional rights of the defendants." 38 Ill. 2d, at 63, 230 N. E. 2d, at 247. We disagree. In *Freedman* v. *Maryland,* 380 U. S. 51, 58–59, we held ". . . that a noncriminal process which requires the prior submission of a film to a censor avoids constitutional infirmity only if it takes place under procedural safeguards designed to obviate the dangers of a censorship system. . . . To this end, the exhibitor must be assured, by statute or authoritative judicial construction, that the censor will, within a *specified brief period,* either issue a license or go to court to restrain showing the film. . . . [T]he procedure must also assure a *prompt final judicial decision,* to minimize the deterrent effect of an interim and possibly erroneous denial of a license." (Emphasis supplied.) The Chicago censorship procedures violate these standards in two respects. (1) The 50 to 57 days provided by the ordinance to complete the administrative process before initiation of the judicial proceeding does not satisfy the standard that the procedure must assure "that the censor will, within a specified brief period, either

3–3, which has nothing to do with the ordinance has said there will be a hearing within five days of either the filing of an answer—

"The Court: I am going to have it changed because we just cannot set everything aside to give priority to this kind of litigation.

.        .        .        .        .

"The Court: First amendment matters cannot be anymore important than any other constitutional right or any other citizen's right to have his case heard.

"As I said before, it is far more important in my judgment to take care of the broken heads and fractured legs than it is to take care of the bleeding hearts."

issue a license or go to court to restrain showing the film." (2) The absence of any provision for a prompt judicial decision by the trial court violates the standard that ". . . the procedure must also assure a prompt final judicial decision . . . ."

Accordingly, we reverse the judgments of the Supreme Court of Illinois and remand the case for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS, agreeing that *Freedman* v. *Maryland,* 380 U. S. 51, 58–59, requires reversal of this case, base their reversal also on *Redrup* v. *New York,* 386 U. S. 767.

MR. JUSTICE HARLAN concurs in the result.

MR. JUSTICE STEWART bases his concurrence in this judgment upon *Redrup* v. *New York,* 386 U. S. 767.