**COLUMBIA PICTURES CORPORA-TION et al., Plaintiffs,**

**v.**

**CITY OF CHICAGO, a municipal corporation, et al., Defendants.**

No. 68 C 620.

United States District Court
N. D. Illinois, E. D.

April 12, 1968.

Samuel W. Block, Thomas P. Sullivan, John G. Stifler, Leah S. Hamilton, Raymond, Mayer, Jenner & Block, Chicago, Ill., for plaintiffs.

Marvin S. Aspen, for Raymond F. Simon, Corp. Counsel, City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

NAPOLI, District Judge.

This is an action brought by seven motion picture distributors, who seek to have the recently enacted Motion Picture Ordinance, Chapter 155 of the Municipal Code of the City of Chicago, declared unconstitutional, principally on the ground that the ordinance fails to provide for and guarantee prompt judicial review of the decisions of the Motion

Picture Review Board, as required by Teitel Film Corp. v. Cusack, 390 U.S. 139, 88 S.Ct. 754, 19 L.Ed.2d 966 (1968). Defendants are the City of Chicago, the Superintendent of Police, and the members of the Film Review Board and the Motion Picture Appeal Board. The complaint alleges that " * * * (e)ach plaintiff has and in the future will have motion pictures which it desires to license * * *. Plaintiffs are informed and believe that defendants intend to require plaintiffs to comply with the newly enacted censorship ordinance * * *. Plaintiffs are further informed and believe that if they fail to comply with the censorship ordinance, plaintiffs and/or their licensees will be subject to arrests, confiscation of films, prosecutions, fines, loss of licenses, loss of business and profits, and costly and extended litigation which may not resolve the issue of the validity of the censorship ordinance * * * plaintiffs will be impeded and seriously injured in their business by having to comply with the censorship ordinance ' * * * "

■ The United States Constitution limits the exercise of judicial power to cases and controversies. Article 3 § 2, cl. 1. A controversy in the constitutional sense, must be one that is appropriate for judicial determination. It must be definite and concrete, touching legal relations of parties having adverse legal interests, as distinguished from an opinion advising what the law would be on a hypothetical state of facts. Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617.

■ The matter presented here has not yet ripened into a justiciable controversy. What is sought by plaintiffs is a mere advisory opinion on whether the censorship ordinance is constitutional. Plaintiffs allege nothing more than that they "desire" to distribute certain unspecified motion pictures in the Chicago area, and that they believe defendants "intend" to enforce the statutory provisions. Under the circumstances, this matter lacks "that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

Although the distinction between a case appropriate for judicial determination, and a merely hypothetical, abstract difference or dispute, is merely one of degree, it is the opinion of this Court that the threshold of justiciability has not yet been crossed here. A test sometimes used in determining whether a case or controversy exists, is whether or not the party opposing a declaratory judgment action would have a coercive or declaratory remedy of his own. It is apparent that the City of Chicago could not enforce any provision of the censorship ordinance merely upon a showing that plaintiffs intend to bring a motion picture to Chicago. Nor could the city come into the federal courts itself, seeking a declaratory judgment as to the constitutionality of the ordinance, merely upon alleging that the named defendants intend to bring a film to Chicago. In either case, the ordinance would not yet have focused sufficiently upon the distributors, so that actual rights and obligations are really and immediately called into conflict.

It is these considerations which distinguish Walter Reade, et al. v. City of Chicago, et al. No. 67 C 322 (unpublished opinion of Judge Decker, March 10, 1967.) Although the case was dismissed before final adjudication on the merits, Judge Decker impliedly ruled that an actual controversy was presented, when he issued a preliminary injunction on March 10, 1967, restraining the city from interfering with 4 scheduled screenings of "Ulysses." However, in that case the plaintiff had made economic arrangements to bring a specified film, "Ulysses", into Chicago without tendering it to the Chicago censorship authorities. Furthermore, the complaint there alleged that various persons charged with the enforcement of the censorship ordinance, had made public

statements that if plaintiff attempted to exhibit the film, without first securing a permit, the City of Chicago would take legal action, including arrest and confiscation of the film. Thus, "Prior to (the) suit, the parties had taken adverse positions with respect to their existing obligations." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

█ The Court agrees with plaintiffs that they should not have to exhaust the procedures of the very ordinance which they are attacking as unconstitutional before meeting the requirement of justiciability. That the federal courts will grant relief to litigants whose first amendment rights are infringed by an allegedly unconstitutional censorship statute, even prior to compliance with its procedure, is amply demonstrated by Reade v. City of Chicago, supra. Consequently, if and when a specific, concrete factual situation is alleged, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, the Federal Courts will be open 24 hours a day to assure ample vindication of any litigant's first amendment rights. Rule 77(a), Federal Rules of Civil Procedure.

█ In making its ruling today, the Court does not reach the question of whether or not the Chicago censorship ordinance is unconstitutional. I hold only that even in a case where a litigant claims that a statute or ordinance is unconstitutional on its face, there is no controversy until a concrete factual setting is presented to the Court, showing that the parties are really and immediately affected by the statute; and that the facts alleged in this complaint do not spell out an actual controversy as required by the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; and by the United States Constitution, Article 3 § 2, cl. 1. Accordingly, an order will be entered today denying plaintiffs' motion for a temporary restraining order, and dismissing the complaint for want of jurisdiction over the subject matter.