**Larry DEVLIN and Jimmie Joe Floyd, t/a J & J Book Store, Plaintiffs-Appellants,**

**v.**

**Charles SOSBE, Chief of Police of the City of Kokomo, Indiana, Harold Scott, Jr., Mayor of the City of Kokomo, Indiana, et al., Defendants-Appellees.**

**No. 71–1676.**

United States Court of Appeals, Seventh Circuit.

Argued June 9, 1972.

Decided July 31, 1972.

Norman B. Smith, Greensboro, N. C., Franklin I. Miroff, Indianapolis, Ind., Smith & Patterson, Greensboro, N. C., Klineman, Rose & Wolf, Indianapolis, Ind., for plaintiffs-appellants.

Richard P. Good, Jr., Edward S. Mahoney, Kenneth L. Andrews, Lacey, Angel & Good, O'Mahoney, Mahoney & Simmons, Kokomo, Ind., for defendants-appellees.

Before SPRECHER, Circuit Judge, DURFEE, Senior Judge, United States

Court of Claims,[1] and ESCHBACH, District Judge.[2]

ESCHBACH, District Judge.

Plaintiffs have appealed from an order dismissing their civil rights action arising under 42 U.S.C. § 1983, jurisdiction having been alleged pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 2201. Plaintiffs below sought a mandatory injunction to require the City of Kokomo, Indiana, to issue a license for the operation of certain film viewing machines. Plaintiffs further sought a judgment declaring the licensing ordinance in question invalid as applied under the First, Fifth, and Fourteenth Amendments. The district court dismissed plaintiffs' action, finding itself without jurisdiction and alternatively holding that this was an appropriate case for abstention and it would therefore decline jurisdiction if it were found to exist. We affirm.

Plaintiffs operate the J & J Book Store located in Kokomo, Indiana. This establishment is a sales outlet for books, magazines, and newspapers including some sexually explicit material. Plaintiffs desired to place in their establishment certain coin-operated film viewing instruments. These so-called devices display moving pictures on a screen within the mechanism which can be viewed through an exterior eyepiece. Plaintiffs concluded that in order to lawfully operate these devices, it would be necessary to obtain a license from the City of Kokomo.

The licensing provision in question is City of Kokomo Ordinance No. 3384. Section One of that ordinance provides:

That any person, firm or corporation, owning, keeping or controlling any billiard, pool or gaming table, shuffleboard, nine or ten pin alley, marble machine, or any other machine, device or contrivance for games or amusement other than any pin-ball machine,

kept for hire or pay, shall, before using the same within the corporate limits of the City of Kokomo, procure a license therefor, as hereinafter provided.

The licensing scheme further provides that the Chief of Police of the City of Kokomo may deny such license for "good cause shown." Operating in violation of the ordinance results in a fine of not less than twenty dollars ($20.00) or more than one hundred dollars ($100.00) per day for each day the violation is continued.

Defendant Chief of Police Sosbe denied plaintiffs' application for a license. Defendant Sosbe testified that he refused to issue the license because of his responsibility to the public health and welfare of the community. Defendants admit that they intend to enforce the ordinance if plaintiffs operate these instruments without the license. Plaintiffs did not appeal the decision of defendant Sosbe, but brought their action directly to the federal district court.

The district court concluded that it was without jurisdiction because the plaintiffs had a plain and adequate remedy under state law through appeal to the superior or circuit courts of Indiana as provided in Ind.Ann.Stat. §§ 48–4501, 4508, 4509 (Burns 1963 Repl.), IC 1971, 18–5–17–1, 18–5–17–8, 18–5–17–9. The court further found that it could not state with assurance that the ordinance under scrutiny applied to these viewing instruments and that an obvious limiting construction could avoid the constitutional question involved.

The district court's reliance on plaintiffs' failure to exhaust their state judicial remedies was somewhat misplaced. A civil rights action under 42 U.S.C. § 1983 is supplementary to any remedy a state might offer, and a litigant ordinarily need not exhaust his state judicial remedies before seeking relief in the federal courts. Monroe v.

---

1. Senior Judge James R. Durfee of the United States Court of Claims is sitting by designation.

2. District Judge Jesse E. Eschbach of the Northern District of Indiana is sitting by designation.

Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). *See also* McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). The court in its order of dismissal also relied on the doctrine of abstention, which in practical effect is similar to a dismissal for failure to exhaust remedies. However, as was pointed out in Moreno v. Henckel, 431 F.2d 1299 (5th Cir. 1970), a general rule requiring exhaustion of state judicial remedies would render useless the doctrine of abstention, which doctrine is confined to "narrowly limited special circumstances." Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). The court below in finding it had no jurisdiction was obviously considering the failure to exhaust state remedies in its pseudo-jurisdictional sense. We have concluded, however, that the district court properly had jurisdiction of the cause before it, but appropriately declined to exercise that jurisdiction by abstaining.

Plaintiffs contend that this case is inappropriate for abstention because of the inhibiting effect the delay of state court proceedings will have on the very constitutional rights which they seek to protect. Plaintiffs submit that defendants' refusal to license these machines is an unconstitutional prior restraint and, as such, is condemned by those cases which hold that a licensing body must either grant a license to show motion pictures or go to court to restrain the showing within a prompt, specified time period. *See, e. g.,* Teitel Film Corp. v. Cusack, 390 U.S. 139, 88 S.Ct. 754, 19 L.Ed.2d 966 (1968); Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed. 2d 649 (1965); Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968). On the basis of the record before this court, however, it is impossible to discern to what extent substantial First Amendment rights are involved. The record discloses only that the City of Kokomo denied plaintiffs a license to operate certain instruments. The only evidence below that would indicate in any way that an impermissible prior restraint was involved is found in the testimony of Chief of Police Sosbe, where he opines that considering the character of the book store, he would conclude that the film-strips shown on those devices would be obscene.

The question before the district court, however, did not concern the licensing of the films themselves. Nor has either party contended that the City of Kokomo could require licensing or restrain the exhibition of these films *under the ordinance here in question.* The licensing ordinance is not directed toward licensing films, but only prohibits operation of certain machines without a license. Assuming, however, that the regulatory licensing scheme was applied in a manner to incidentally affect constitutionally protected rights, we would nevertheless conclude that the district court properly abstained.

Plaintiffs below sought both declaratory and injunctive relief. Although the injunction sought only an issuance of the license, such an injunction would be tantamount to enjoining the City's threatened future prosecution. In Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), the Supreme Court held that apart from extraordinary circumstances, a federal court may not enjoin a pending state prosecution or declare invalid the statute under which the prosecution was brought. That question is not before this court since there is no pending state prosecution arising from the present action. Moreover, we need not consider the question specifically reserved in *Younger, supra* and *Samuels, supra,* concerning the propriety of federal injunctive or declaratory relief where there is no pending state prosecution, for this case presents proper grounds for abstention under the more traditional abstention principles first enunciated in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

Even in those cases where the courts have refused to abstain because they find the policies exhorting federal-state

comity not as pressing where there is no pending state prosecution, there is recognition of the Pullman-type abstention as a viable doctrine in appropriate cases. *See, e. g.,* Wulp v. Corcoran, 454 F.2d 826 (1st Cir. 1972); Long Island Vietnam Moratorium Committee v. Cahn, 437 F.2d 344 (2d Cir. 1970), cert. denied, 400 U.S. 956, 91 S.Ct. 353, 27 L. Ed.2d 264 (1970). *But cf.,* Becker v. Thompson, 459 F.2d 919 (5th Cir., 1972). *Pullman, supra,* and its progeny allow a federal court to abstain from the merits in "narrowly limited special circumstances." Zwickler v. Koota, 389 U. S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Propper v. Clark, 337 U.S. 472, 492, 69 S.Ct. 1333, 93 L.Ed. 1480 (1949). The paradigm "special circumstance" which is present here is the susceptibility of the ordinance to a construction by the state courts which would avoid or modify the constitutional question involved. Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); *Zwickler, supra* at 249, 88 S.Ct. 391; Harrison v. NAACP, 360 U.S. 167, 176, 79 S.Ct. 1025, 3 L. Ed.2d 1152 (1959).

The district court found, and we agree, that the ordinance before us is of questionable applicability to plaintiffs' viewing machines. The devices enumerated in the ordinance are: billiard, pool or gaming table, shuffle board, nine or ten pin alley, and marble machine. These are all games or devices utilizing human skill in the proficiency of their operation. It would not be an unreasonable interpretation of this ordinance to find that the general terms of the ordinance covering "any other machine, device or contrivance for games or amusement" were limited by those specific terms coming before it and must therefore take their meaning from those terms under the doctrine of *ejusdem generis.* Under that interpretation, this ordinance would clearly be inapplicable to devices which offer amusement only as a "spectator sport." This interpretation, or any other limiting construction

which a state court may find applicable to this ordinance, could remove plaintiffs' viewing machines from the purview of the ordinance and thereby avoid any question of unconstitutional prior restraint.

There are no reported decisions construing the ordinance here in question. Moreover, it is not this court's function to place a limiting gloss on the ordinance before us. That function is better left to the courts of Indiana. We do not intimate any view as to what effect a state court construction might have upon the validity of this ordinance. We only hold that this enactment should be exposed to state construction before the federal court is asked to pass upon its constitutionality "so that federal judgment will be based on something that is a complete product of the state. . . ." Harrison v. NAACP, *supra* at 178, 79 S.Ct. at 1031.

■ This court recognizes and agrees that the use of the abstention doctrine in cases involving civil rights, especially in cases where First Amendment rights are allegedly involved, is not to be encouraged. *See* Dombrowski v. Pfister, 380 U.S. 479, 486–487, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Baggett v. Bullitt, 377 U.S. 360, 378–379, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); NAACP v. Button, 371 U.S. 415, 433, 83 S.Ct. 328, 9 L.Ed. 2d 405 (1963). However, where, as here, the enactment has not been attacked as facially void, it is of an uncertain nature and is obviously susceptible of a limiting construction, abstention is permissible.

The district court dismissed plaintiffs' action rather than simply deferring action until the state court has ruled upon the ordinance. The Supreme Court has expressed the opinion that in abstention cases, "it is better practice, in a case raising a federal constitutional or statutory claim, to retain jurisdiction, rather than to dismiss. . . ." *Zwickler, supra* at 244 n. 4, 88 S.Ct. at 393. However, we cannot say, as a matter of law in this case, that the district court erred

in dismissing rather than retaining jurisdiction.

Accordingly, the district court's order of dismissal is affirmed.