UNITED ARTISTS CORPORATION, a corporation, Plaintiff,

v.

E. L. WRIGHT, Jr., Individually, and as Chief of Police, City of Montgomery, Alabama, Defendant,

James H. Evans, as District Attorney for the Fifteenth Judicial Circuit of the State of Alabama, et al., Defendants-Intervenors.

Civ. A. No. 4208-N.

United States District Court, M. D. Alabama, N. D.

Jan. 5, 1974.

Thomas S. Lawson, Jr., and Champ Lyons, Jr., Capell, Howard, Knabe & Cobbs, Montgomery, Ala., for plaintiff.

J. Douglas Harris, Harris & Harris, Drayton N. Hamilton, and Joseph D. Phelps, Hill, Robison, Belser, Brewer & Phelps, Montgomery, Ala., for defendant.

William P. Haney, Jr., and John D. Cates, Deputy Dist. Attys., Fifteenth Judicial Circuit of Alabama, Montgomery, Ala., for defendant-intervenor James H. Evans; James H. Evans, pro se.

Richard H. Dorrough, Jones, Murray, Stewart & Yarbrough, Montgomery, Ala., for defendants-intervenors Robert L. Dorrough and Ardith C. Dorrough.

Before RIVES, Circuit Judge, and JOHNSON and VARNER, District Judges.

JOHNSON, District Judge:

Plaintiff, United Artists Corporation, brings suit under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, seeking to have Chapter 64C of the Alabama obscenity statute, Ala.Code tit. 14, §§ 374(16j)–374(16o) (Supp.1971), declared unconstitutional on its face and as applied. The constitutionality of a statute of statewide application being brought into question, a three-judge district court was convened pursuant to 28 U.S.C. § 2284. The case is submitted upon the pleadings, affidavits, briefs and depositions filed in this cause.

## I. Facts

Plaintiff, a film distributor operating nationally, is the owner and distributor of the motion picture "Last Tango in Paris." Defendant E. L. Wright, Jr., is the Chief of Police of the City of Montgomery, Alabama, and is sued in his capacity as such and also individually. Intervening defendant James H. Evans is District Attorney for the Fifteenth Judicial Circuit of the State of Alabama. Intervening defendants Robert L. and Ardith C. Dorrough are citizens of Montgomery, Alabama.

Plaintiff entered into an agreement with a local movie theater for the exhibition of the film "Last Tango in Paris." On October 11, 1973, without any

prior administrative or judicial proceeding before a neutral party, the exhibitor received a written notice from defendant Wright that there was reasonable cause to believe that the exhibition of that film would constitute a violation of the Alabama laws regulating obscenity. The written notice pointed out that the exhibitor could seek a declaratory judgment in the proper state circuit court on the obscenity *vel non* of the film. Defendant Wright, in his written notice, informed the exhibitor that "the exhibition of this movie prior to obtaining the declaratory judgment might result in prosecution." The exhibitor then declined to show "Last Tango in Paris" in his theater. Thereafter plaintiff brought this action, in which he alleges the unconstitutionality of Ala.Code tit. 14, §§ 374(16j)–374(16o) (Supp.1971) on its face and as applied.

## II. *Standing*

■ Defendants contend that plaintiff lacks standing to prosecute this action because it has not been harassed, arrested, indicted or prosecuted in connection with the subject matter of this action. Plaintiff, however, is in privity of contract with its local exhibitor. Plaintiff's exhibitor has received an explicit threat or warning that, if it proceeds to show the film in question here, prosecution might well ensue. The exhibitor, on account of the threat of prosecution, declines to exhibit the film. Plaintiff alleges that as a direct and proximate result of this written threat, pursuant to the statute alleged to be unconstitutional, it stands to lose approximately $20,000 in anticipated revenues. Whatever value might be put upon First Amendment rights in this case, it is clear that plaintiff alleges *financial* injury in fact sufficient to confer standing. The alleged financial injury is proximately caused by the action of defendant Wright acting pursuant to the challenged statute. In such cases as this, it is necessary that distributors as well as exhibitors have standing. Interstate Circuit, Inc., v. Dallas, 390 U.S. 676, 691 n. 22, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968).

■ Furthermore, the threat of arrest in this case is not "imaginary and speculative." Younger v. Harris, 401 U.S. 37, 42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The existence of a genuine threat of arrest suffices to confer standing. While it is true that defenses premised upon the First Amendment could be raised in a criminal prosecution resulting from an exhibition of "Last Tango in Paris," there is no requirement that citizens must "await and undergo a criminal prosecution as the sole means of seeking relief." Doe v. Bolton, 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L. Ed.2d 201 (1973). Accord, Wulp v. Corcoran, 454 F.2d 826, 830 (1st Cir. 1972); Thoms v. Smith, 334 F.Supp. 1203, 1207 (D.Conn.1971) (3-judge court), aff'd sub nom. Thoms v. Heffernan, 473 F.2d 478 (2d Cir. 1973); Anderson v. Vaughn, 327 F.Supp. 101, 103 (D.Conn.1971) (3-judge court). Plaintiff clearly has standing in this cause, and its claim is otherwise justiciable.

## III. *Comity—The Younger Doctrine*

■ Defendants contend that this Court is precluded by the policy of comity from deciding this case on the merits. Certainly if there were a pending state criminal prosecution against plaintiff, this Court would possibly be precluded from reaching the merits. Younger v. Harris, 401 U.S. 37, 54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Samuels v. Mackell, 401 U.S. 66, 72–73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Perez v. Ledesma, 401 U.S. 82, 83, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). A similar result could obtain if there were a pending civil process which leads to, or is a part of, a criminal prosecution. Palaio v. McAuliffe, 466 F.2d 1230, 1231–1232 (5th Cir. 1972).

In this case, the letter from defendant cannot be said to constitute a pending criminal prosecution; nor can it be characterized as a pending civil process which leads to, or is a part of, a criminal prosecution. The notice letter here

involved is, quite simply, a threat of prosecution. When a state criminal prosecution is only threatened, and not pending, many cases hold that the *Younger* doctrine does not bar a consideration on the merits of a cause. Courts recognize two reasons for so holding. First is the language in *Younger* noting that

> [t]here may, of course, be extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment.

*Younger v. Harris,* 401 U.S. 37, 53, 91 S.Ct. 746, 755, 27 L.Ed.2d 669 (1971). Applying this language, some courts have held that the absence of a pending prosecution, the imminence of a threatened prosecution, and a First Amendment challenge combine to form "extraordinary circumstances" within the meaning of *Younger.* *Wulp v. Corcoran,* 454 F.2d 826, 831 n. 6 (1st Cir. 1972); *Anderson v. Vaughn,* 327 F.Supp. 101, 103 (D.Conn.1971) (3-judge court).

Second, some courts have applied in cases like this what is termed a "pending/threatened" distinction, in holding that the *Younger* doctrine is inapplicable to situations in which a state prosecution is merely threatened. *Thoms v. Heffernan,* 473 F.2d 478, 483 (2d Cir. 1973); *Lewis v. Kugler,* 446 F. 2d 1343, 1347 (3rd Cir. 1971); *Hull v. Petrillo,* 439 F.2d 1184, 1186 n. 1 (2d Cir. 1971). The United States Court of Appeals for this circuit has adopted a further refinement of the pending/threatened distinction. If a state statute is attacked upon grounds of its unconstitutionality *as applied,* and no prosecution is pending, plaintiff must allege and prove bad faith prosecution or harassment. *Becker v. Thompson,* 459 F.2d 919, 923 (5th Cir. 1972), cert. granted sub nom. *Steffel v. Thompson,* 410 U.S. 953, 93 S.Ct. 1424, 35 L.Ed.2d 686 (1973). *Accord,* *Milner v. Burson,* 470 F.2d 870, 874 (5th Cir. 1972). However, when a plaintiff attacks the *facial* constitutionality of a state statute, and there is no pending state criminal prosecution, a three-judge court is not foreclosed by *Younger* from a decision on the merits, even absent an allegation of bad faith or harassing official conduct. *Jones v. Wade,* 479 F.2d 1176, 1182 (5th Cir. 1973).

Applying these principles to this case, this Court holds that plaintiff's claim is not barred by the doctrine of comity, since a prosecution is merely threatened and since plaintiff alleges the unconstitutionality of the obscenity statute upon its face. Since it is not necessary for this Court to consider the unconstitutionality of the statute as applied (*i. e.,* the obscenity *vel non* of the movie), we do not need to consider whether there was in this case bad faith or harassing conduct by defendants. And, since we recognize and apply the "pending/threatened" distinction as declared by the Fifth Circuit, it is not necessary to consider the applicability of the "extraordinary circumstances" exception to *Younger.*

## IV. *Abstention*

Defendants also contend that this Court should, by reason of the abstention doctrine, decline to decide this case upon the merits. The doctrine of abstention, first espoused in *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), is a judge-made doctrine to be used only in very limited circumstances. Congress has endowed the federal judiciary with power to render declaratory judgments. When a plaintiff chooses a federal forum for the adjudication of his case, the federal court is not obliged to dismiss the case merely because plaintiff could have brought his action in a state court. *Kusper v. Pontikes,* 414 U.S. 51, 94 S. Ct. 303, 38 L.Ed.2d 260 (1973); *Lake Carriers' Ass'n v. MacMullan,* 406 U.S. 498, 510, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972). To dismiss this case at this point, and to send plaintiff into state court, would cause a delay which would "itself effect the impermissible chilling of the very constitutional right [plaintiff] seeks to protect." *Zwickler v. Koo-*

ta, 389 U.S. 241, 252, 88 S.Ct. 391, 397, 19 L.Ed.2d 444 (1967).

■■ The strongest case for abstention exists when there is a possible limiting construction which could be given a state statute by a state court, in order to avoid most or all of the constitutional problem. Lake Carriers' Ass'n v. Mac-Mullan, 406 U.S. 498, 510, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); Wulp v. Corcoran, 454 F.2d 826, 833 (1st Cir. 1972); Lewis v. Kugler, 446 F.2d 1343, 1346 (3rd Cir. 1971). In this case, there is no possibility of such a construction. The procedural portions of the statute here under attack contain defects which could not be eliminated by a narrow construction. That being so, there appears to be no reason for the application of the doctrine of abstention. This Court is mindful of the pendency in the Alabama Supreme Court of several cases in which there are, *inter alia*, challenges to the constitutionality of the Alabama obscenity statutes. However, in those cases defendants were prosecuted criminally. Since criminal prosecutions present issues altogether different from instances of prior restraint, the pendency of the cases in the Alabama Supreme Court does not have sufficient bearing upon this case to warrant abstention. Plaintiff's choice of a federal forum will be honored, and this case will be decided upon its merits.

## V. *Procedure under the Alabama Obscenity Statute*

Plaintiff asserts that the statute in question sets up a system of prior restraints upon First Amendment freedoms and that the statute fails to provide the safeguards which are constitutionally required under a system of prior restraint.

■ Chapter 64C of the Alabama obscenity statute, under attack here, provides that, prior to the commencement of a prosecution, one of several governmental officials must serve upon an exhibitor "prior written notice that there is reasonable cause to believe the materi-

al" in question is in violation of the obscenity statute. Ala.Code tit. 14, § 374(16m)(a) (Supp.1971). Then, the person receiving notice has 30 days within which "to file an appropriate action for declaratory judgment to determine the validity of such written notice." Ala.Code tit. 14, § 374(16m)(c) (Supp. 1971).

Central to a decision in this case is the issue of whether or not this statutory "warning" constitutes a prior restraint. Clearly the warning scheme is not an absolute prohibition against the showing of movies, as an injunction would operate in similar circumstances. However, a statutory scheme need not be published under the rubric "Censorship Statute" before it is considered an effective prior restraint. Courts must not be blind to the effect of a statute. One clear effect of this particular scheme is that the notice operates almost as effectively to bar movie exhibitions as an injunction would operate. Without such a notice exhibitors might well be willing to show movies which are arguably protected by the Constitution. However, when the government goes to the trouble to warn an exhibitor that criminal prosecution might ensue upon exhibition of a movie, few would dare ignore the warning. "People do not lightly disregard public officers' thinly veiled threats to institute criminal proceedings against them if they do not come around . . . ." Bantam Books, Inc., v. Sullivan, 372 U.S. 58, 68, 83 S.Ct. 631, 638, 9 L.Ed.2d 584 (1963). Such a system of threatened prosecution "can constitute an all too effective prior restraint." Poulos v. Rucker, 288 F.Supp. 305, 310 (M.D.Ala.1968). Therefore, this Court holds that Chapter 64C of the Alabama obscenity statute, Ala.Code tit. 14, §§ 374(16j)–374(16o) (Supp.1971), is in legal effect a system of prior restraints.

■ But that holding does not end our inquiry. A system of prior restraints is not necessarily invalid. Times Film Corp. v. Chicago, 365 U.S. 43, 81 S.Ct. 391, 5 L.Ed.2d 403 (1961). However, "[a]ny system of prior re-

straints of expression comes to . . . Court bearing a heavy presumption against its constitutional validity." Bantam Books, Inc., v. Sullivan, 372 U.S. 58, 70, 83 S.Ct. 631, 639, 9 L.Ed.2d 584 (1963). Because of the dangers inherent in the use of prior restraints, courts have established rigorous procedures which must be provided before a prior restraint may be held valid. These procedural safeguards are three in number.

A. *Burden of Proof.* When a system of prior restraints is used by the government to control speech or the press, the burden of proving that the material is unprotected must rest upon the censor. Blount v. Rizzi, 400 U.S. 410, 417–418, 91 S.Ct. 423, 27 L.Ed.2d 498 (1971); Freedman v. Maryland, 380 U.S. 51, 58–59, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965); Cinema Classics v. Busch, 339 F.Supp. 43, 50 (C.D.Cal.1972) (3-judge court); Studio III, Inc., v. Smith, 326 F.Supp. 1166, 1169 (S.D.Iowa 1971); Embassy Pictures Corp. v. Hudson, 242 F.Supp. 975, 978 (W.D.Tenn. 1965).

Under the Alabama statute, the burden is clearly upon the individual and not the government; when the statutory warning is given, the state need have only "reasonable cause" to believe that the material is obscene. Thereafter, if the exhibitor wishes to obtain a definitive ruling from a court, he himself must bring suit and carry the burden of proof. Ala.Code tit. 14, § 374(16m)(c) (Supp.1971). Since the statute *clearly* provides that the burden of bringing suit is upon the exhibitor, there is no reason to abstain in this case to hope for a narrowing construction from the state courts. Such a construction on this issue would have to disregard the plain language of the statute.

B. *Air of Finality to Censor.* The procedures of censorship may not constitutionally lend an air of finality to the action of the censor.

To this end, the exhibitor must be assured, by statute or authoritative judicial construction, that the censor will, within a specified brief period, either . . . [allow exhibition] or go to court to restrain showing the film.

Freedman v. Maryland, 380 U.S. 51, 58–59, 85 S.Ct. 734, 739, 13 L.Ed.2d 649 (1965).

Under the procedural system of this statute, the decision of the official giving notice is for all practical purposes a final decision. The issuance of the warning effectively stops the showing of the film. The state is not required under the Alabama statute to go to court to obtain an injunction after adjudication. The warning is for all intents and purposes a "final" act of censorship and is, therefore, invalid.

C. *Prompt and Final Judicial Determination.* In order to provide a valid prior restraint system, a statutory scheme must provide a prompt final judicial decision. Teitel Film Corp. v. Cusack, 390 U.S. 139, 142, 88 S.Ct. 754, 19 L.Ed.2d 966 (1968); Grove Press v. City of Philadelphia, 418 F.2d 82, 90 (3rd Cir. 1969); Cinema Classics v. Busch, 339 F.Supp. 43, 50 (C.D.Cal. 1972) (3-judge court); National Ass'n of Theater Owners v. Motion Picture Comm'n of Milwaukee, 328 F.Supp. 6, 12 (E.D.Wis.1971); Studio III, Inc., v. Smith, 326 F.Supp. 1166, 1169 (S.D.Iowa 1971); Gundlach v. Rauhauser, 304 F. Supp. 962, 965–966 (M.D.Pa.1969); United States v. A Motion Picture Film Entitled "Pattern of Evil," 304 F.Supp. 197, 200 (S.D.N.Y.1965).

Nowhere in the Alabama statute is there a provision for expedited judicial consideration, either at trial or on appeal, of the issue of obscenity. This Court has not been made aware of any authoritative judicial decision of the State of Alabama providing for expedited consideration of civil adjudications of obscenity *vel non* under this statute. Such an adjudication is, therefore, liable to all of the delays which are incident to the bringing of an ordinary civil action. This failing renders the Alabama statute invalid in that respect.

This Court, therefore, finds that the statutory system under which notice or warning is given pursuant to Ala.Code tit. 14, § 374(16m) (Supp.1971) is unconstitutional because of its procedural defects.

### VI.  *Unconstitutionality as Applied*

Since the statute is unconstitutional on its face, there is no necessity of determining whether it is unconstitutional as applied, *i. e.*, whether this particular film is obscene. Furthermore, it appears that the *Younger* doctrine as applied in this circuit might preclude such an inquiry, at least absent bad faith prosecution. Becker v. Thompson, 459 F.2d 919, 923 (5th Cir. 1972), cert. granted sub nom. Steffel v. Thompson, 410 U.S. 953, 93 S.Ct. 1424, 35 L.Ed.2d 686 (1973).

### VII.  *Separability*

If the "notice" provisions in Chapter 64C of the Alabama obscenity statute are unconstitutional, as we today declare, this Court must determine whether the remainder of the statute must fall also. Principally this means that we must decide whether exhibitors may still be criminally prosecuted despite the invalidity of the notice provisions of Chapter 64C.

■ If a statute constitutes one inseparable whole, rather than several distinct and separable parts, a declaration of the unconstitutionality of one part must result in the failure of the entire statutory scheme. This "presents a question of statutory construction and of legislative intent  . . .." Carter v. Carter Coal Co., 298 U.S. 238, 313, 56 S.Ct. 855, 873, 80 L.Ed. 1160 (1936).

■ There are two indicia in this case by which this Court is obliged to hold that Chapter 64C was intended to constitute one entire, indivisible statute, and not a series of independent parts.

First, the legislature provided that no criminal prosecution could be commenced under this statute without first giving the required warning. Ala.Code tit. 14, § 374(16m)(a) (Supp.1971). Apparently the legislature viewed the warning and the prosecution as inseparable acts and expressly forbade prosecution in the absence of the required warning.

Second, the statute contains no separability clause.

In the absence of such a provision, the presumption is that the Legislature intends an act to be effective as an entirety—that is to say, the rule is against mutilation of a statute; and if any provisions be unconstitutional, the presumption is that the remaining provisions fall with it.

Carter v. Carter Coal Co., 298 U.S. 238, 312, 56 S.Ct. 855, 873, 80 L.Ed. 1160 (1936). Under Alabama law, the absence of a separability clause means that the statute is to be considered as an indivisible whole. San Ann Tobacco Co. v. Hamm, 283 Ala. 397, 406, 217 So.2d 803 (1969).

This Court can only conclude that the Alabama legislature intended Chapter 64C to stand or fall as a whole, both notice provision and criminal provision. Accordingly, the entire statute must fall upon the declaration of unconstitutionality of the notice provision.

This Court, therefore, holds that Ala. Code tit. 14, §§ 374(16j)–374(16o) (Supp.1971), is in its entirety unconstitutional and void. An injunction will issue against its enforcement.

RIVES, Circuit Judge:

I concur in the foregoing opinion of my colleagues and adhere to similar views expressed in my dissenting opinion in Grove Press, Inc. v. Bailey, N.D. Ala.1970, 318 F.Supp. 244 at 257–262, vacated and remanded, 1973, 413 U.S. 904, 93 S.Ct. 3027, 37 L.Ed.2d 1015.