**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 97-10597
(Summary Calendar)

CRYSTAL CINEMA,

Plaintiff-Appellant,

versus

CITY OF LUBBOCK, TEXAS,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 97-CV-002-C

July 16, 1998

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Crystal Cinema, Inc. ("Crystal"), a now-defunct retail store that sold adult products including videos, magazines, and novelties, and also offered on-site private booths for adult-movie viewing, appeals the district court's holding that a City of Lubbock ordinance regulating licensing of sexually-oriented businesses is constitutional both on its face and as applied to Crystal. We have reviewed the record and the briefs of the parties and hereby AFFIRM.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

As an adult entertainment business, Crystal was subject to City regulations requiring sexually-oriented enterprises to obtain an annual permit since the January 23, 1986 adoption of City Ordinance 8874. The City Council determined that in the best interest of the public safety and public health of

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the citizens of Lubbock, regulation was needed (1) to prevent solicitation for acts of prostitution in adult entertainment establishments and enterprises; (2) to provide certain minimum standards and regulations for adult entertainment establishments and enterprises; and (3) to provide standards for operators and employees of adult entertainment establishments and enterprises. In addition, the City determined that adult entertainment establishments and enterprises may endanger the public safety or health by contributing to the decline of residential and business neighborhoods and the growth of criminal activity. Thus, the City adopted Ordinance 8874, amending Article IX, Chapter 14 of the Lubbock Code of Ordinances. On July 11, 1996, the City of Lubbock adopted Ordinance 9903, also amending Article IX, Chapter 14 of the Lubbock Code of Ordinances. It is Ordinance 9903 to which Crystal objects.

Ordinance 9903 requires that sexually-oriented businesses apply for and be granted an annual permit in order to operate in Lubbock. L.C.O. 14-249. The City Secretary must notify the applicant as to the approval or denial of its application within forty-five days of receipt. L.C.O. 14-247(b). Unless one or more specified disabling conditions exist, the City Secretary is required to issue the permit to the applicant. L.C.O. 14-247(c). The regulations require, among other specifications, that an application be accompanied by a diagram of the business premises; that the premises have a manager's station from which employees monitor all parts of the premises to which patrons have access, excluding bathrooms; and that "specified sexual activities" as defined in the regulations to include masturbation, shall not be permitted on the premises. L.C.O. §§ 14-243(a)(2); 14-256(a)(4) - (6).

On October 21, 1996, the City Secretary posted a letter addressed to Crystal, notifying Crystal that its permit would expire on December 31, 1996, and requesting that Crystal complete an application for renewal. An application form was enclosed with the letter. Upon receipt of its application, the City Secretary subsequently notified Crystal that the application was incomplete with respect to the requirements that it be accompanied by: (1) a surety bond or other approved surety; (2) specified information relating to employees of the business; (3) a diagram of the premises; and (4)

2

a lease or other documentation indicating that the applicant had a legal right to occupy the premises. After receiving additional documentation from Crystal on December 6, 1996, the City Secretary forwarded the application and submissions to the Chief of Police for investigation as provided by the regulation. L.C.O. 14-244(a).

Corporal William C. Bates of the Lubbock Police Department, acting on behalf of the Chief of Police, and the City Health Inspector investigated Crystal pursuant to the requirements of the regulation. They found that the diagram submitted by Crystal did not meet the ordinance's requirements in several ways. First, it did not depict certain interior spaces and fixtures of its premises. Second, the diagram did not include a manager's station of the size specified by the regulations or a manager's station with an unobstructed, direct view of each video viewing booth. Third, the diagram did not depict the location of overhead lighting fixtures.

During a December 3, 1996 inspection of the premises, Bates and the City Health Inspector discovered that the business did not contain a manager's station of the required dimensions with an unobstructed view of each video viewing booth. Further, the store's lack of overhead lighting and closing doors to the video viewing booths prevented employees on duty from monitoring patron activities within the booths. During the same inspection, Bates and the Health Inspector also discovered substances appearing to be semen in several of the viewing booths. Laboratory tests of those substances resulted in positive results for the existence of sperm. The Health Inspector permitted Crystal an opportunity to continue operation while preventing prohibited activities by monitoring as required, and cleaning all suspected semen from the premises. On December 19, the Health Inspector again inspected the premises and again found numerous booths with suspected semen material which later tested with positive results for sperm. On December 19, the Health Inspector witnessed a patron in a viewing booth, apparently masturbating. Following the December 1996 inspections of Crystal, the Police Department recommended to the City Secretary that Crystal's application be denied as it was incomplete. The City Secretary informed Crystal of the subsequent denial by letter dated January 10, 1997. Crystal was notified of its right to appeal the denial of its

3

application to the City's Permit and License Review Board, pursuant to City Code provisions. L.C.O. 14-252.

Maintaining that it was not issued a new license to operate based on the ordinance and was thus forced to close its store, Crystal brought a complaint against the City in federal district court, asserting that Ordinance 9903 was both facially unconstitutional and unconstitutional as applied. Crystal requested (1) a preliminary injunction or temporary restraining order; (2) temporary injunction; (3) permanent injunction; and (4) attorney's fees. The district court denied Crystal's petition for temporary injunctive relief after hearing. The parties proceeded to hearing on the complaint for permanent injunctive relief and declaratory judgment. The district court found that the ordinance was constitutional on its face and as applied to this plaintiff. The court also held that the Crystal lacked standing, because it caused its own injury and did not show a causal connection between the ordinance and the injury complained of. On appeal, Crystal urges that (1) Ordinance 9903 is unconstitutional; (2) the regulatory provisions of the ordinance were applied in an unconstitutional manner; and (3) that it has the requisite standing to bring this claim.

## DISCUSSION

This appeal presents mixed questions of law and fact. This court reviews the district court's factual findings only for clear error, while its legal conclusions are reviewed de novo. Bridges v. City of Bossier, 92 F.3d 329, 332 (5th Cir. 1996) (citing Reich v. Lancaster, 55 F.3d 1034, 1044-45 (5th Cir. 1995)).

"The courts are designed to address only grievances of people who have suffered real injuries causally linked to the defendant's alleged unlawful conduct and likely to be redressed by the requested relief." Westfall v. Miller, 77 F.3d 868, 870-71 (5th Cir. 1996) (citing U.S. Const. art. III; Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville, 508 U.S. 656, 661-65, 113 S.Ct. 2297, 2301-02, 124 L.Ed.2d 586, 595-96 (1993)). In order to meet the standing requirement, Crystal must demonstrate (1) a concrete and particularized injury; (2) a causal link to the City's alleged unlawful conduct; and (3) a likelihood that the injury will

4

be redressed by a favorable decision.  Id. at 871.  Here, Crystal has offered no evidence of a link between the injury it claims to have suffered and the City of Lubbock Code provisions regarding sexually-oriented businesses.  As the district court noted, Crystal *voluntarily* chose not to submit a completed application and a permit thus was denied.  Any injury sustained by Crystal is a result of its own failure or refusal to submit the completed application.  Crystal failed to demonstrate a causal connection between the ordinance and the injury about which it complains.

Crystal argues that in these circumstances, it need not establish the causal link between its injury and the City's activities.  Directing our attention to Freedman v. Maryland, 380 U.S. 51, 55-58, 85 S.Ct. 734, 737-39, 13 L.Ed.2d 649 (1965), Crystal insists that it may bring a facial challenge to this licensing scheme because there are insufficient safeguards to protect it from the licensor.  The Supreme Court has instructed that facial challenges are "permitted in the First Amendment context where the licensing scheme vests unbridled discretion in the decisionmaker and where the regulation is challenged as overbroad."  FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 223, 110 S.Ct. 596, 603, 107 L.Ed.2d 603 (1990) (citing City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 798, and n. 15, 104 S.Ct. 2118, 2125 n. 15, 80 L.Ed.2d 772 (1984)).  Further, one may challenge such a statute facially without the necessity of first applying for, and being denied, a license.  See City of Lakewood v. Plain Dealer Publishing Co., 486 U.S. 750, 759, 108 S.Ct. 2138, 2145, 100 L.Ed.2d. 771 (1988).

Crystal urges that the ordinance is unconstitutional on its face because it does not set time periods within which an investigation by the Chief of Police and various other inspections by City departments must be completed.  Such discretion, Crystal maintains, is a threat to its free expression.  The record reveals, however, that the ordinance on its face does not vest unbridled discretion in the licensing authority or create a danger to free speech.  The ordinance provides that the City Secretary must issue the permit unless one or more specific disabling conditions exist.  Under the Code, the City Secretary must inform the applicant as to approval or denial of the license within forty-five days of receipt of the completed application.  The City Secretary testified that if neither the Chief of Police

5

nor a sub-inspector provides information as to a disabling condition, the City Secretary is required under the Code to issue the permit and to give notice to the applicant within the forty-five-day period.

While the periods for inspection are not defined in the ordinance, we find that the overall forty-five-day period for the City to respond to applications eliminates the need for specific inspection periods and is, in itself, exceedingly reasonable. The Supreme Court in Freedman held that a municipality must ensure that any restraint before judicial review of the licensing process is limited to a specified brief period. See Freedman, 380 U.S. at 51; 85 S.Ct. at 734. In Teitel Film Corp. v. Cusack, 390 U.S. 139, 141, 88 S.Ct. 754, 755-56, 19 L.Ed.2d 966 (1967) (per curiam), the Supreme Court found that fifty to fifty-seven days is not a specified brief period. This circuit has analyzed these holdings on previous occasions. We have explained that the fifty- to fifty-seven-day period failed because the regulation in Teitel was *content-based*. See TK's Video, Inc. v. Denton County, Texas, 24 F.3d 705, 708 (5th Cir. 1994). In TK's Video—a case that involved a *content-neutral* regulation similar to the one at issue here—we held that a sixty- day licensing period provided an appropriate timeframe for the time-consuming tasks of reviewing applications, performing inspections, preparing identification cards, and the like. Id. So, too, we find that the City of Lubbock's forty-five-day period under the ordinance is a reasonable timeframe for the licensing process. We are persuaded that the licensing scheme in question does not vest "unbridled authority" in the decisionmaker. As the ordinance reveals no identifiable risk to free expression, it is not subject to a facial challenge. Therefore, we dismiss Crystal's contention that it may challenge the ordinance without establishing a causal link between the City's activities and its injury.

Finally, Crystal urges us to find that the City applied the regulatory provisions of the ordinance in an unconstitutional manner. Specifically, Crystal insists that though it remedied the deficiencies in the application as pointed out by the City Secretary, its application was subsequently denied for "incompleteness" relating to different factors to which Crystal was never given notice or an opportunity to remedy.

6

Crystal's argument that the application of the ordinance was unconstitutional is tenuous, at best. The record in this case indicates that the ordinance was applied in a constitutional manner with regard to Crystal and the processing of Crystal's permit application. Crystal was notified by the City Secretary in October, 1996 to submit its 1997 application early, so that it would be processed prior to the expiration of its license on December 31, 1996. The regulations clearly state the permit application requirements that Crystal—and all other similar such businesses—must meet. Crystal failed to meet these requirements in submitting its application, but was given the opportunity to correct its mistake. It chose not to, and thus no permit was issued. As the City points out, there is no provision in the ordinance which prevents an applicant from completing its application and immediately reapplying for a permit if denied on grounds that the application is incomplete. Further, the ordinance provides a right to appeal the denial of an application to the City's Permit and License Review Board. L.C.O. 14-252. The City Secretary notified Crystal in writing of its right to appeal. These are steps that Crystal simply chose not to take. Based on the evidence of record, we do not find that the ordinance was applied to Crystal in an unconsitutional manner. Therefore, Crystal's attack on the regulation as applied cannot stand.

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.