**11126 BALTIMORE BOULEVARD, t/a Warwick Books, Plaintiff–Appellee,**

v.

**PRINCE GEORGE'S COUNTY, MARYLAND, Defendant–Appellant,**

and

**Cary W. Greene; Paul F. Malone, Defendants.**

No. 88–2823.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1990.

Decided Feb. 1, 1991.

As Amended March 18, 1991.

Sean D. Wallace, argued (Michael P. Whalen, County Atty., Michael O. Connaughton, Deputy County Atty., Steven M. Gilbert, Associate County Atty., on brief), Upper Marlboro, Md., for defendant-appellant.

Howard J. Schulman, Baltimore, Md., for plaintiff-appellee.

Before WIDENER, MURNAGHAN, and CHAPMAN, Circuit Judges.

PER CURIAM:

This is the second time this case has been before us. When we first heard this matter, we reversed the district court's decision which had found that the Adult Bookstore Zoning Regulations of Prince George's County were unconstitutional. *See 11126 Baltimore Blvd. v. Prince George's County*, 886 F.2d 1415 (4th Cir. 1989). After we denied a petition for rehearing, the bookstore petitioned the Supreme Court for a writ of certiorari, which was granted. The Supreme Court then vacated our judgment and remanded the case for further consideration in light of *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). *See* 493 U.S. ——, 110 S.Ct. 2580, 110 L.Ed.2d 261 (1990).

The parties have submitted memoranda addressing the effect of *FW/PBS, Inc.* upon our prior decision. During oral argument, counsel for appellant, Prince George's County, advised the court that the county council had amended the zoning regulations to conform with the district court's decision and to ensure the existence of a valid adult book store ordinance while the appeal was pending. However, counsel admitted that if Prince George's County was successful in its present appeal, the county intended to readopt the original ordinance which was addressed in our prior published opinion in this case.

Under these circumstances, the county is asking us for an advisory opinion. The Prince George's County Zoning Regulations governing adult bookstores has been amended since our prior opinion in this case and the remand of it by the Supreme Court. If we were now to rule that the prior zoning ordinance meets constitutional muster, Prince George's County Council would revoke the present ordinance and readopt the prior ordinance. If we rule that the

558

prior zoning ordinance violates the rule of *FW/PBS, Inc.,* the county will allow the new ordinance to remain in place. When faced with this admission of action to be taken by the county council in response to our ruling, we must conclude that we have no jurisdiction because we may not give an advisory opinion. *United States v. Fruehauf,* 365 U.S. 146, 157, 81 S.Ct. 547, 553–54, 5 L.Ed.2d 476 (1961); *Alabama State Fed. of Labor v. McAdory,* 325 U.S. 450, 461, 65 S.Ct. 1384, 1389–90, 89 L.Ed. 1725 (1945); *United States v. Evans,* 213 U.S. 297, 300, 29 S.Ct. 507, 508, 53 L.Ed. 803 (1909). We, therefore, dismiss this appeal and remand the case to the district court with instructions to dismiss this action.

DISMISSED AND REMANDED WITH INSTRUCTIONS.