**11126 BALTIMORE BOULEVARD, INC., t/a Warwick Books**

v.

**PRINCE GEORGE'S COUNTY OF MARYLAND.**

Civ. No. K–91–3697.

United States District Court, D. Maryland.

July 27, 1993.

---

Howard J. Schulman, Baltimore, MD, for plaintiff.

Michael P. Whalen, County Atty. for Prince George's County and Sean D. Wallace, Associate County Atty. for Prince George's County, Upper Marlboro, MD, for defendant.

FRANK A. KAUFMAN, Senior District Judge.

Plaintiff, a Maryland corporation and the operator of an adult bookstore in a shopping mall in Prince George's County, Maryland ("County"), contends that the County's present zoning provisions regulating the location and operation of adult bookstores violate the First and Fifth Amendments. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief. Pending are cross-motions for summary judgment. For the reasons stated in this opinion, plaintiff's said motion will be denied and defendant's said motion will be granted.

## FACTS AND PROCEDURAL HISTORY

There are no relevant factual disputes between the parties. The within case involves a constitutional challenge to a Prince George's County zoning ordinance regulating the location and operation of adult bookstores. This case follows a previous suit which involved the same plaintiff's challenge to a prior similar ordinance. *See 11126 Baltimore Boulevard v. Prince George's County*, 684 F.Supp. 884 (D.Md.1988), rev'd, 886 F.2d 1415 (4th Cir.1989), *vacated* and *remanded* 496 U.S. 901, 110 S.Ct. 2580, 110 L.Ed.2d 261 (1990), *dismissed as moot* 924 F.2d 557 (4th Cir.1991).

For a detailed history of the facts leading up to the above-cited prior litigation, see 684 F.Supp. at 884–889. Herein, it suffices to say that Prince George's County first enacted zoning regulations governing adult book-

stores in 1975, with several subsequent modifications. In 1986, plaintiff filed suit in this Court seeking declaratory and injunctive relief under 42 U.S.C. § 1983, contending, as it does herein, that the County was violating plaintiff's First and Fifth Amendment rights.

In the aforementioned prior case, this Court held that the ordinance challenged therein was "a content-neutral time, place and manner regulation." 684 F.Supp. at 891. That determination was later affirmed on appeal by the Fourth Circuit. 886 F.2d at 1420. Such a regulation is valid if it "is designed to serve a substantial governmental interest and allows for reasonable alternative avenues of communication." *Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 50, 106 S.Ct. 925, 930, 89 L.Ed.2d 29 (1986).

Since mitigation of negative secondary effects associated with adult entertainment businesses is a valid governmental interest, *Renton*, 475 U.S. at 48, 106 S.Ct. at 929, this Court then examined the evidence of such secondary effects presented by the County in defense of the challenged ordinance, including:

> a stack of reports and studies regarding adult bookstore zoning regulations and an affidavit from a professional land-use planner supporting the rationality of the Council's enactment of its adult bookstore ordinances.

684 F.Supp. at 896. After so doing, this Court concluded:

> Had the Council received those materials prior to its vote on the ordinances, its actions would appear to fall within the standards of [*United States v.*] *O'Brien* [, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1986) ] and *Renton*. But post-hoc rationalizations—materials apparently collected for use in this case and not presented to the Council before it enacted the challenged legislation—are something quite different.

684 F.Supp. at 896. The Fourth Circuit reversed that portion of this Court's decision, writing:

> that the County's legislative records show substantial and legitimate legislative interests which the County reasonably believed

to be relevant to the problem it sought to address.... In light of this record, coupled with the reasonable exercise of legislative notice and supplemental evidence presented to the trial court, we hold that the County sufficiently demonstrated substantial government interests in its regulation.

886 F.2d at 1425. The Fourth Circuit further concluded that "the regulations are both narrowly tailored to serve the interests advanced by the County and they afford ample alternative avenues of communication" and therefore that those regulations were constitutional. *Id.* at 1426.

This Court also found fault, in the prior case, with the criteria established for issuance of adult bookstore special exceptions, holding that they were vague and "subject to possible manipulation and arbitrary application by officials who might object to the contents of the materials sold at adult bookstores." 684 F.Supp. at 899. The Fourth Circuit, on appeal, again disagreed, determining that the challenged criteria "provide definite guidelines, consistent with the substantial and legitimate interests advanced by the County, which zoning officials must apply when determining whether to grant a conditional use or special exception permit." 886 F.2d at 1427.

In sum, this Court found two constitutional defects in the ordinance: (1) the lack of sufficient evidence in the legislative record to support the County's interest in eradicating the negative secondary effects of adult bookstores, and (2) the vague criteria for granting special exceptions for such bookstores. *See* 684 F.Supp. at 899. The Fourth Circuit reversed on both points and upheld the challenged ordinance, *in toto*, as constitutional. *See* 886 F.2d 1415 *et seq.*

Plaintiff filed motions in the Fourth Circuit for rehearing and rehearing in banc. Both were denied. Soon after the Fourth Circuit had denied those motions, the Supreme Court filed its opinion in *FW/PBS, Inc. d/b/a Paris Adult Bookstore II v. Dallas*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) (a licensing/zoning scheme must provide constitutionally effective limitations on the time within which a licenser's decision must be

made and must also provide prompt judicial review in order to minimize suppression of speech, should the license be denied). Plaintiff then sought Supreme Court certiorari review of the Fourth Circuit's decision in the prior case instituted in this Court. The Supreme Court granted certiorari, vacated the Fourth Circuit's opinion, and remanded "for further consideration in light of *FW/PBS.*" *11126 Baltimore Blvd. v. Prince George's County*, 496 U.S. 901, 110 S.Ct. 2580, 110 L.Ed.2d 261 (1990).

On remand, in the Fourth Circuit, the parties submitted memoranda to that Court, addressing whether the administrative processes contained in the Prince George's County Code for obtaining an adult bookstore zoning license contained constitutionally effective time limits and were subject to prompt judicial review. During oral argument, presented to the Fourth Circuit, counsel for the County advised the panel that the County Code containing zoning regulations governing adult bookstores had been amended by the enactment of Prince George's County Ordinance CB 131–1988. In that context, the Fourth Circuit held the issues presented in the said previous case to be moot, dismissed the appeal, and remanded the case to this Court with instructions to dismiss the action. *11126 Baltimore Blvd. v. Prince George's County*, 924 F.2d 557 (4th Cir.1991). This Court so did.

In the within case, plaintiff challenges the ordinance in its present form, that is, the ordinance at issue in the previous litigation as amended by CB–131–1988 and CB–6–1992. CB–131–1988 was apparently drafted in order to bring the Prince George's County Code pertaining to adult bookstores into conformity with this Court's previous decision. The ordinance stated that it was intended to be effective while the previous order of this Court was reviewed on appeal and that if that order was reversed, vacated, or otherwise modified, it was the County's intention to rescind some or all of the provisions of Ordinance CB–131–1988. However, in the wake of the Supreme Court's vacatur of the Fourth Circuit's decision reversing this Court's earlier Order and the Fourth Circuit's subsequent dismissal of the remanded case as moot, the County did not so do.

The within case was initially brought as a challenge to the County's adult bookstore ordinance as amended by CB–131–1988. However, since the onset in 1991 of the within case, and after CB–131–1988 was enacted by it, the County Council, sitting as the District Council, enacted Ordinance CB–6–1992. CB–6–1992 amended the Adult Bookstore Zoning Law by providing that after January 1, 1993, adult bookstores could only continue in operation if a special exception was approved in accordance with that law. CB–6–1992 included time limitations within which the various stages of the special exception application process were to be completed. Under those limitations, the County's Zoning Division is required to decide whether to accept an application within three working days of receipt of a "completely and properly filled out" application. Posting is to take place within fifteen days of the date of the Zoning Division's acceptance of such an application; the issuance of the Zoning Division's written report and scheduling of a public hearing, within 45 days thereof; the hearing concluded and the decision of the Zoning Hearing Examiner filed, within 90 days thereof; notice of appeal to the District Council filed, within 105 days thereof; oral argument before the District Council, within 135 days thereof; and a decision on the appeal by the District Council, within 150 days thereof. If the District Council fails to make its decision within that 150 day period, the application is deemed to have been denied. It is also to be noted that under the County's general zoning ordinance applicable to all zoning including that pertaining to adult book stores, the District Council may remand zoning matters for further proceedings before the Zoning Hearing Examiner.

The ordinance, as challenged in its present form, contains no provision addressing the timing of judicial review. However, by Administrative Order, dated March 19, 1993, the Circuit Court of Prince George's County has expressly provided procedures giving such cases priority over other matters. Those procedures provide for a judicial deci-

sion within ten days after the filing of briefs by the parties.

The parties agree that the only issues remaining for decision are whether the challenged ordinance requires sufficiently prompt administrative and judicial action.[1]

## TIME LIMITS—ADMINISTRATIVE AND JUDICIAL

This Court's analysis in this case begins with the Supreme Court's decision in *FW/PBS, supra.* In that case, the Court, adverting to its earlier decision in *Freedman v. Maryland,* 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965), determined, *inter alia,* that a licensing scheme directed at adult businesses (1) must provide definite and effective limitations concerning the time within which a licensor's decision must be made, and (2) must also provide for prompt judicial review should a license be denied.

■ In the course of the prior litigation between the parties, both this Court and the Fourth Circuit found that "six months—or

one year" is not an unreasonable time for processing an application. 886 F.2d at 1428 n. 8; 684 F.Supp. at 899 n. 31. Indeed, the Fourth Circuit wrote: "[D]iligent exercise of due process takes time, and we find the time limits generally followed by the County to be reasonable for careful review in this sensitive area of the law." 886 F.2d at 1428. The time period so commented upon by the Fourth Circuit was not mandated by the zoning legislation, but was estimated to be the expected time frame. The ordinance now in force requires a decision to be made within 150 days from the filing of an application. As defendant notes, if six months is reasonable, then five months must be also.[2]

■ There remains plaintiff's contention that the District Council's power to remand zoning matters for further proceedings before the Zoning Hearing Examiner renders the 150 day limit illusory. Section 27–133 of the zoning ordinance sets forth the remand provision applicable to all zoning applications including those pertaining to adult book stores.[3] The zoning ordinance in its present

1. Plaintiff also originally challenged, in this new case, the constitutionality of the ordinance on the additional grounds that (a) the challenged ordinance is not narrowly tailored so as to minimize any incidental restriction upon First Amendment freedoms, (b) Prince George's County did not rely upon sufficient evidence in enacting CB–6–1992, and (c) the evaluation of the content of communication by zoning inspectors in the exercise of their discretion, as provided by the enforcement mechanisms of the adult bookstore zoning law, constitutes an overly broad and impermissible delegation of authority in the context of the First Amendment or otherwise constitutes an unreviewable prior restraint upon communication. However, since the within case was instituted, the parties have agreed as to each and all of those issues that the prior opinion of the Fourth Circuit controls. This Court concurs in that regard. Accordingly, summary judgment will be granted for defendants with regard to each of the three issues listed in this footnote for the reasons stated by the Fourth Circuit in the prior case.

2. Two other federal district courts have examined challenged time limits under *FW/PBS.* In *Wolff v. City of Monticello,* 803 F.Supp. 1568, 1574–75 (D.Minn.1992), Chief Judge MacLaughlin, although he struck down the challenged licensing scheme on other grounds, noted that "[t]he ninety-day time period prescribed in the ordinance does not appear to be unreasonable per se." *Id.* at 1574. Similarly, in *Mitchell v. Commission on Adult Entertainment,* 764 F.Supp.

928, 938–39 (D.Del.1991), Judge Schwartz determined that the 30-day time limit for a decision under the Delaware Adult Entertainment Establishments Act, 24 Del.C. § 1619, passed muster under *FW/PBS. Id.* at 939 ("[The Act] is facially valid because it provides a time limit within which the Commission must render a decision regarding a license application or revocation."). While both *Wolff* and *Mitchell* involved time limits shorter than the 150 days at issue in the within case, neither of those decisions would seem to militate against a determination, in the instant case, that 150 days is reasonable under *FW/PBS.*

3. Section 27–133 provides in pertinent part:

(a) In general

(1) Within the time specified for final decision, the District Council may remand any zoning case heard by the Zoning Hearing Examiner back to the Examiner for clarification or for additional testimony. The Council may also remand any Zoning Map Amendment or Special Exception for a de novo proceeding where there is good cause and the applicant does not object. * * *

(b) Request

(1) When a request for oral argument is filed pursuant to the provisions of Section 27–131, any person of record may file a request for remand. The request shall be submitted (in writing) to the Clerk of the District Council not later than sixty (60) days after the Zoning Hearing Examiner has filed his decision on the case and

form provides: "A decision on appeal shall be rendered by the District Council not later than one hundred fifty (150) days from the date the application for a special exception is accepted." § 27–904.1(i). Seemingly, that requirement for decision on appeal would be satisfied if the District Council, acting pursuant to § 27–133, remanded, within the 150 day period, the application for further proceedings before the Zoning Hearing Examiner. Such a remand would ratchet back the time limits in accordance with § 27–133(d)(1) which provides that "[w]henever the District Council remands an application, the time limits on final action shall begin to run anew...." The zoning ordinance contains no limitation on the number of times an application could be remanded for a continuation of administrative proceedings, nor the total time that, by dint of such repeated remands, a zoning application might be kept pending. Thus, there exists the possibility of abusive manipulation of certain of the remand provisions of § 27–133.[4]

But, in this case, there is no evidence that the remand provisions of the Prince George's County zoning ordinance have been used, would be used, or are intended to be used, to circumvent the constitutional requirement of a decision by the licensing authority within "a specified and reasonable time limit." *FW/PBS*, 493 U.S. at 228, 110 S.Ct. at 606. Rather, the remand powers of the District Council appear to constitute a reasonable, flexible procedure designed to permit that body to ensure that it is able to reach its final decisions on the basis of fully developed factual records. That it is possible to conceive of a scenario in which, rather than serving that salutary purpose, the District Council's remand powers would become the avenue of unconstitutional abuse does not call upon this Court, at this time, in this case, to assume that that scenario will be realized in practice. If, however, at any time in the future, the District Council were ever so to abuse its remand power, an aggrieved appli-

at least fourteen (14) days prior to the scheduled argument. The request shall set forth the reasons for the remand. * * *

(2) The District Council shall schedule argument on the requested remand prior to argument on the merits of the case, and shall give at least ten (10) days' written notice of the date, time, and place of such argument to all persons of record.

(3) Argument shall be restricted to the reasons for which the remand was requested and the need therefor. Argument shall also be limited to fifteen (15) minutes for each side, unless extended by the Chairman of the Council.

(4) At the conclusion of the argument, the District Council may either: remand the case to the Zoning Hearing Examiner or to the Planning Board for de novo proceedings, citing the reasons therefor; or deny the requested remand, and either conduct the scheduled oral argument or direct the Clerk to schedule or reschedule oral argument on the merits of the case and so notify all persons of record. The denial of a request for remand made pursuant to Subsection (b) of this Section does not prohibit the District Council from subsequently remanding a case pursuant to either Subsection (a) or Subsection (c) of this Section.

(c) Remand de novo

(1) The District Council's order for a de novo proceeding shall be in writing.

(2) If the applicant does not file a written objection within fifteen (15) days after receipt of the order, the application shall be remanded to the Planning Board. The time for a final decision shall begin to run anew from the date of the

refiling of the application with the District Council (Section 27–132(d)).

(3) Notwithstanding the requirements of Sections 27–145, 27–161, 27–181, 27–201, and 27–298, once the application has been remanded, it may be amended. Unless amendments or procedures are limited by the order of the District Council remanding the application, it shall be treated as a new application; however, if the application is subsequently withdrawn, the provisions of Sections 27–147, 27–163, 27–183, 27–203, and 27–300 (reapplication) shall apply.

(4) In no case shall the remand order waive the requirement for a new Technical Staff Report.

(5) Notwithstanding Section 27–132(d), if the applicant objects (in writing) to the remand de novo within fifteen (15) days, the Council shall have sixty (60) days from receipt of the written objection to make a final decision.

(d) Time for final decision

(1) Whenever the District Council remands an application, the time limits on final action shall begin to run anew from the date of refiling the application with the District Council in accordance with the provisions of Section 27–132(d).

4. Sec. 27–133(c) does limit de novo remands by giving the applicant the right to object to the same and to require the district council to reach its final decision within 60 days after such objection. *See* n. 3 *supra*. But, seemingly, no such right of objection is given to the applicant with regard to a remand to the Zoning Hearing Examiner "for clarification or for additional testimony." *See* § 27–133(a) which is set forth at n. 3 *supra*.

cant would surely be entitled further to seek recourse in a Maryland state court of appropriate jurisdiction or in this Court.

 With regard to the availability of prompt judicial review of the Council's decision, the aforementioned March 19, 1993, Administrative Order of the Circuit Court for Prince George's County would seem to make ample provision for the same. While plaintiff correctly notes that judicial review, exclusive of any appeal, could take six months or more to complete, given the necessity of providing sufficient time for comprehensive briefing of the legal issues, such a time period is not excessive. The Fourth Circuit has noted that, in the context of administrative decisionmaking, "the diligent exercise of due process takes time." 886 F.2d at 1428. That is no less true with regard to judicial decisionmaking. If, under exigent circumstances obtaining in a particular case, the normal briefing schedule would work an injustice, Maryland's courts—and this Court—have the power, upon appropriate application for relief, to grant appropriate relief.

■ Plaintiff points out that the March 19, 1993, Administrative Order, does not itself provide a sanction for any violation of it, and contends that *FW/PBS* requires such a provision. That assertion find no support in the text of that case, or indeed of any other case of which this Court is aware. Should the *Circuit Court for Prince George's County* interpret or ignore the March 19, 1993, Administrative Order, in such a fashion as to implicate the First Amendment rights of any disappointed applicant, appropriate recourse may be had to a state court or to this Court, at that time. The same is true with regard to plaintiff's claim that that Administrative Order "could be rescinded[ ] as easily as it was issued."

## CONCLUSION

Accordingly, in a separate Order of even date herewith, this Court will enter summary judgment in favor of defendant, deny summary judgment to plaintiff, and enter judgment for defendant.

## ORDER

The summary judgment motion of defendant is hereby granted; the summary judgment motion of plaintiff is hereby denied; and judgment is hereby entered in favor defendant. It is so ORDERED this 27th day of July, 1993.