**11126 BALTIMORE BOULEVARD, INCORPORATED, t/a Warwick Books, Plaintiff–Appellant,**

v.

**PRINCE GEORGE'S COUNTY, MARYLAND, Defendant–Appellee.**

No. 93–2151.

United States Court of Appeals, Fourth Circuit.

Argued June 7, 1994.

Decided Aug. 12, 1994.

Rehearing In Banc Granted; Opinion Vacated Nov. 2, 1994.

**ARGUED:** Howard J. Schulman, Baltimore, MD, for appellant.  Sean Daniel Wallace, Upper Marlboro, MD, for appellee.

Before HALL and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

Reversed by published opinion.  Judge WILKINS wrote the opinion, in which Judge K.K. HALL and Senior Judge PHILLIPS joined.

## OPINION

WILKINS, Circuit Judge:

11126 Baltimore Boulevard, Incorporated, t/a Warwick Books, brought this action pursuant to 42 U.S.C.A. § 1983 (West 1981), claiming that the Prince George's County, Maryland adult bookstore ordinance, Prince George's County, Md., Code subtit. 27, part 16, violates the First and Fourteenth Amendments of the United States Constitution. The district court granted summary judgment in favor of the County.  Warwick Books appeals, contending that the ordinance constitutes an unconstitutional prior restraint on speech because it fails to provide for adequate procedural safeguards.  We agree and reverse the judgment of the district court.

### I.

In May 1986, Warwick Books filed an action in the district court maintaining that the Prince George's County adult bookstore ordinance in effect at that time violated the First and Fourteenth Amendments.  Although the district court concluded that the ordinance constituted a content-neutral time, place, and manner restriction, it found the ordinance unconstitutional as applied to adult bookstores because the interest advanced by the County was not sufficiently supported by evidence in the legislative record and because the standards to be applied in determining whether a special exception should be granted were vague and subject to arbitrary manipulation.  *11126 Baltimore Blvd., Inc. v. Prince George's County, Md.,* 684 F.Supp. 884, 891, 899 (D. Md.1988).  This court reversed the decision of the district court, concluding that the ordinance constituted a content-neutral time, place, and manner restriction which was narrowly tailored to serve the interest of Prince George's County in minimizing the secondary effects associated with, and protection of children from, adult bookstores and that it provided for ample other opportunities for speech.  *11126 Baltimore Blvd. v. Prince George's County, Md.,* 886 F.2d 1415, 1420, 1426 (4th Cir.1989).  Additionally, we determined that the adult bookstore ordinance "provide[d] definite guidelines, consistent with the substantial and legitimate interests advanced by the County, which zoning officials must apply when determining whether to grant a conditional use or special exception permit."  *Id.* at 1427.  Although not all of the steps in the process leading to a decision on an application for a special exception were bound by precise time limitations, we noted that the length of the process necessary to obtain a special exception did not render the ordinance an unconstitutional prior restraint because the uncontradicted evidence submitted by County officials indicated that the application process normally took approximately six months.  *Id.* at 1428 n. 8. We also observed that adult bookstores were generally permitted to continue operation while the exception was sought.  *Id.*

Thereafter, the Supreme Court rendered its decision in *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), holding that a Dallas business licensing scheme constituted an unconstitutional prior restraint on protected speech because it failed to impose adequate proce-

dural safeguards to ensure a prompt decision on a license application and prompt judicial review of a denial. The Court granted Warwick Books' petition for writ of certiorari, vacated our decision in *11126 Baltimore Boulevard,* and remanded for reconsideration in light of *FW/PBS. 11126 Baltimore Blvd., Inc. v. Prince George's County, Md.,* 496 U.S. 901, 110 S.Ct. 2580, 110 L.Ed.2d 261 (1990). On remand, we learned that the County had amended its adult bookstore ordinance to remedy the deficiencies identified in the prior district court decision. *11126 Baltimore Blvd. v. Prince George's County, Md.,* 924 F.2d 557 (4th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 76, 116 L.Ed.2d 50 (1991). And, although the County asserted that it intended to return to its prior zoning ordinance if this court upheld the constitutionality of the prior ordinance, we concluded that the County was seeking an advisory opinion and dismissed the appeal. *Id.*

Following our dismissal, the County further amended its adult bookstore ordinance.

As presently codified, the ordinance prohibits adult bookstores [1] from operating anywhere in the County unless they obtain a special exception and adhere to other requirements imposed by the ordinance.[2] Prince George's County, Md., Code § 27–903. To obtain a special exception, adult bookstores must file an application. In reviewing the application, the ordinance requires that the District Council for Prince George's County consider a number of factors bearing on the suitability of the proposed site for an adult bookstore.[3] *Id.* § 27–904(b). In addition, the ordinance requires that the administrative review procedure be concluded and that the District Council render its decision on the application for a special exception within 150 days after the acceptance of a complete application. *Id.* § 27–904.01. If the District Council fails to render a decision within 150 days, the application is deemed denied. *Id.* § 27–904.01(i).[4]

Although the ordinance itself contains no provision for judicial review, the parties

1. The ordinance defines an adult bookstore as:

   any commercial establishment which does not otherwise qualify as a theater or nonprofit, free-lending library and which either:
   (1) Has ten percent (10%) or more of the value of its stock on the premises, or has ten percent (10%) or more of the value of its stock on display, in books, periodicals, photographs, drawings, sculptures, motion pictures, films, or other visual representations which depict sadomasochistic abuse, sexual conduct, or sexual excitement; or
   (2) Has on the premises one (1) or more mechanical devices specifically for the purpose, in whole or in part, of viewing such materials.
   Prince George's County, Md., Code § 27–902(b).

2. An adult bookstore must blacken or obstruct its windows, doors or other apertures to prevent persons outside the establishment from viewing the interior; limit the number of its business signs to one; prohibit access to anyone under age 18; and may not locate within 1,000 feet of certain types of property—for example, residentially zoned property, schools, libraries, parks, playgrounds, recreational facilities, and churches. Prince George's County, Md., Code # 8E8E # 27–903(b), 27–904(c).

3. The ordinance requires that the District Council consider:

   (1) The nature of the proposed site ...;
   (2) Traffic conditions, including the resulting traffic patterns;

   (3) The nature of the surrounding area and the extent to which the proposed use might impair its present and future development;
   (4) The proximity of dwellings, churches, schools, public structures, and other places of public gatherings;
   (5) The probable effect of the proposed use on the peace and enjoyment of people in their homes;
   (6) Facilities for sewers, water, schools, transportation, and other services, and the ability of the County to supply such services;
   (7) The limitations of fire and rescue equipment and the means of access for fire and police protection;
   (8) The preservation of cultural and historical landmarks and trees;
   (9) The probable effect of noise, vibrations, smoke and particulate matter, toxic matter, odorous matter, fire and explosion hazards, and glare upon the uses of surrounding properties;
   (10) The purpose and intent of this Subtitle, as set forth in its other sections;
   (11) The most appropriate use of land and structures;
   (12) The conservation of property values; and
   (13) The contribution, if any, such proposed use, building, or addition would make toward the deterioration of areas and neighborhoods.
   *Id.* § 27–904(b).

4. Although the Prince George's County zoning laws generally provide the District Council with authority to remand applications for further pro-

agree that Maryland law provides for judicial review of final administrative decisions. *See* Md. Ann.Code art. 66B, § 4.08 (1988 & Supp.1993). Under Maryland procedural rules, at least 100 days would typically elapse before briefing could be completed.[5] The administrative judge of the Circuit Court for Prince George's County issued an administrative order providing that an appeal from an administrative decision relating to the Prince George's County adult bookstore ordinance is to be assigned to a specific judge, who shall schedule oral argument no later than five days after the day for filing a reply brief under the Maryland Rules and shall thereafter render a decision within five days after the conclusion of oral argument. *In re B–Rule Appeals in Adult Bookstore Cases,* Misc. No. —— (Cir. Ct. Prince George's County, Md. March 19, 1993). Any extension of these judicially imposed time limitations may not be granted except by consent of the parties. *Id.*

▇ Warwick Books' instant action presents a facial challenge to the constitutionality of the amended ordinance. *See FW/PBS,* 493 U.S. at 223–24, 110 S.Ct. at 603–04. The parties agreed before the district court that there were no material factual disputes and that the sole issue presented for decision was whether the ordinance imposed sufficient procedural safeguards on administrative and judicial review to avoid being an unconstitu-

tional prior restraint.[6] On cross motions for summary judgment, the district court entered judgment for the County. *11126 Baltimore Blvd., Inc. v. Prince George's County, Md.,* 828 F.Supp. 370 (D. Md.1993). It noted that this court had previously ruled that the six-month estimate for processing special exceptions was not unreasonable and concluded that "if six months is reasonable, then five months must be also." *Id.* at 374. Moreover, the district court found no constitutional deficiency with the promptness of judicial review. *Id.* at 376. Warwick Books appeals this decision, claiming that the ordinance constitutes an unconstitutional prior restraint on speech because it does not provide for adequate procedural safeguards.[7]

## II.

▇ The First Amendment provides in pertinent part that "Congress shall make no law ... abridging the freedom of speech." U.S. Const. amend. I.[8] While it is undoubtedly true that the government may appropriately regulate the time, place, and manner of protected speech, *see City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986), any regulation that places a prior restraint on the exercise of free expression carries " 'a heavy presumption against its constitutional validity,' " *Freedman v. Maryland,* 380 U.S. 51, 57, 85

ceedings or clarification, the County represented at oral argument that it interprets § 27–904.01(j) to require that any remand of an application by an adult bookstore for a special exception be accomplished within the 150–day time frame for decision unless the applicant agrees to an extension.

5. A petition for judicial review of the final administrative decision must be filed within 30 days. Maryland Rule 7–203(a). The record shall be filed by the agency within 60 days after the agency receives the petition, but this time period may be extended for up to an additional 60 days. Maryland Rule 7–206(c)–(d). Within 30 days after notification that the record has been filed, the petitioner must file a memorandum. Maryland Rule 7–207(a). The respondent has 30 days after service of the petitioner's memorandum to file its answering memorandum. *Id.* The petitioner is then given 15 days to file a reply. *Id.*

6. Warwick Books also challenged the amended ordinance on the bases that it is not narrowly

tailored to advance a significant state interest, that the "County did not rely on sufficient evidence in enacting" the ordinance, and that the ordinance granted unfettered discretion to zoning officials and is therefore subject to manipulation and arbitrary application. The parties agreed before the district court that the prior decision of this court required a ruling adverse to Warwick Books on these issues, and the district court summarily ruled in favor of the County on them. *11126 Baltimore Blvd., Inc. v. Prince George's County, Md.,* 828 F.Supp. 370, 374 n. 1 (D. Md.1993).

7. While Warwick Books lists other issues in its appellate brief, it failed to brief or present argument on them. Accordingly, we do not address these issues.

8. The First Amendment applies to the states and its political subdivisions through the Fourteenth Amendment. *City of Ladue v. Gilleo,* —— U.S. ——, —— n. 1, 114 S.Ct. 2038, 2040 n. 1, 129 L.Ed.2d 36 (1994).

S.Ct. 734, 738, 13 L.Ed.2d 649 (1965) (quoting *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70, 83 S.Ct. 631, 639, 9 L.Ed.2d 584 (1963)). The guarantee of freedom of speech afforded by the First Amendment is abridged whenever the government makes enjoyment of protected speech contingent upon obtaining permission from government officials to engage in its exercise under circumstances that permit government officials unfettered discretion to grant or deny the permission. *See FW/PBS*, 493 U.S. at 223–27, 110 S.Ct. at 603–05. Such discretion exists when a regulation creating a prior restraint on speech fails to impose adequate standards for officials to apply in rendering a decision to grant or deny the permission or when a regulation fails to impose procedural safeguards to ensure a sufficiently prompt decision. *Id.*

Permitting government officials unbridled discretion presents an unacceptable risk of both indefinite suppression and chilling of protected speech. *See id.* at 227, 110 S.Ct. at 605; *Freedman*, 380 U.S. at 59, 85 S.Ct. at 739. Without the constraint of specific standards to guide the decisionmaker in judging whether a license should issue, an impermissible danger exists that an official may decide to exercise his judgment to suppress speech he personally finds distasteful. *See Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 553, 95 S.Ct. 1239, 1244, 43 L.Ed.2d 448 (1975). And, without procedural safeguards to ensure a prompt resolution, an applicant may conclude that seeking a determination is too burdensome a task to pursue, impermissibly chilling the exercise of protected speech. *See Freedman*, 380 U.S. at 59, 85 S.Ct. at 739. Thus, to pass constitutional

muster a prior restraint on speech must contain adequate standards to prevent arbitrary application and procedural safeguards to ensure expeditious decision making. *FW/PBS*, 493 U.S. at 225–26, 110 S.Ct. at 604–05.

With respect to procedural safeguards, the Supreme Court identified in *Freedman* the following three requirements necessary to guarantee that a decision is rendered promptly: "(1) any restraint prior to judicial review can be imposed only for a specified brief period during which the status quo must be maintained; (2) expeditious judicial review of that decision must be available; and (3) the censor must bear the burden of going to court to suppress the speech and must bear the burden of proof once in court." *Id.* at 227, 110 S.Ct. at 605 (citing *Freedman*, 380 U.S. at 58–60, 85 S.Ct. at 738–40).

Warwick Books asserts that the Prince George's County adult bookstore ordinance fails to provide adequate procedural safeguards—and thus constitutes an unconstitutional prior restraint on speech—because the 150-day time period imposed for a decision prior to judicial review is not a "specified brief period" and because prompt judicial review of a denial of a special exception application is unavailable.[9] We address these contentions in turn.

### A.

A prior restraint on speech that imposes no time limitations on the decision-making process plainly fails to satisfy the first requirement set forth in *Freedman*. *See, e.g., FW/PBS*, 493 U.S. at 229, 110 S.Ct. at 606–

---

**9.** In *FW/PBS*, three members of the Court concluded that the *Freedman* requirement that the censor bear both the burden of initiating judicial action and the burden of proof in the judicial proceeding should not apply to the licensing scheme of the sexually-oriented businesses under review. Justice O'Connor, joined by Justices Stevens and Kennedy, reasoned that this third *Freedman* requirement was unnecessary to adequately protect freedom of expression because the ordinance was content neutral—and therefore was not presumptively invalid—and because the applicant for a business license had a great incentive to pursue a judicial determination. *See FW/PBS*, 493 U.S. at 229–30, 110 S.Ct. at 606–07. Justices Brennan, Marshall, and Blackmun concurred in judgment, opining that each of the three *Freedman* procedural safeguards were applicable in analyzing the constitutionality of the Dallas licensing scheme. *Id.* at 238–42, 110 S.Ct. at 611–13. Justice White and Chief Justice Rehnquist would have held that because the licensing scheme was a content-neutral time, place, and manner restriction, no procedural safeguards were needed. *Id.* at 244–49, 110 S.Ct. at 614–17. Justice Scalia dissented on other grounds. *Id.* at 250–64, 110 S.Ct. at 617–25. The splintered opinion of the *FW/PBS* Court leaves the application of the third *Freedman* factor subject to some speculation. However, Warwick Books raises no challenge to the Prince George's County adult bookstore ordinance based upon the third *Freedman* requirement, and therefore we need not address its application.

07; *Riley v. National Fed'n of the Blind of N.C., Inc.,* 487 U.S. 781, 802, 108 S.Ct. 2667, 2680, 101 L.Ed.2d 669 (1988); *Vance v. Universal Amusement Co.,* 445 U.S. 308, 316–17, 100 S.Ct. 1156, 1161–62, 63 L.Ed.2d 413 (1980). However, no clear guideposts mark our way in determining whether the 150–day time period for decision established in the Prince George's County adult bookstore ordinance constitutes a "specified brief period."

In *Teitel Film Corp. v. Cusack,* 390 U.S. 139, 141–42, 88 S.Ct. 754, 756, 19 L.Ed.2d 966 (1968), the Court summarily held that a period of 50 to 57 days for obtaining an administrative decision did not amount to a "specified brief period" in the film censorship context. Warwick Books asserts that *Teitel Film Corp.* should be read to establish a bright-line rule that a 50–day period for an administrative decision necessarily fails to meet the standard set forth in the first *Freedman* requirement. We cannot agree.

■ "The core policy underlying *Freedman* is that the license for a First Amendment-protected business must be issued within a *reasonable period of time,* because *undue* delay results in the unconstitutional suppression of protected speech." *FW/PBS,* 493 U.S. at 228, 110 S.Ct. at 606 (emphasis added). The reasonableness of the time period during which a restraint on speech may operate prior to judicial review "may vary in different contexts." *United States v. Thirty–Seven Photographs,* 402 U.S. 363, 374, 91 S.Ct. 1400, 1407, 28 L.Ed.2d 822 (1971); *see TK's Video, Inc. v. Denton County, Tex.,* 24 F.3d 705, 708 (5th Cir.1994). Thus, a determination of the reasonableness of the time period during which the restraint on speech may constitutionally operate requires an examination of the type of judgments to be made by the government officials and the hardship placed on the class of applicants by

the restraint.[10] *See TK's Video,* 24 F.3d at 708.

■ We apply these factors in resolving whether the 150–day time period for decision imposed by the Prince George's County adult bookstore ordinance is a reasonably brief time period. Although zoning decisions necessarily involve a detailed examination of numerous factors, Prince George's County has failed to provide any evidence to support a conclusion that 150 days is the most reasonably prompt time frame within which a decision can be made. The ordinance is designed to ameliorate the adverse secondary effects of adult bookstores and to prevent exposure and access by children to such establishments by imposing time, place, and manner restrictions on the operation of adult bookstores. *See* Prince George's County, Md., Code § 27–901(b). Comparison of schemes devised and time limitations imposed by other jurisdictions to remedy the perceived evils occasioned by adult bookstores discloses that the necessary inquiries may be performed in a shorter time frame than that imposed by Prince George's County. *See TK's Video,* 24 F.3d 705, 708 (upholding 60–day period for review of licensing application for adult bookstore); *Chesapeake B & M, Inc. v. Harford County, Md.,* 831 F.Supp. 1241, 1249–50 (D. Md.1993) (44–day time period for review of adult bookstore licensing application not unreasonable); *Wolff v. City of Monticello,* 803 F.Supp. 1568, 1574 (D. Minn.1992) (noting that 90–day time period for decision on adult bookstore license application was not unreasonable per se); *see generally, Thirty–Seven Photographs,* 402 U.S. at 371–74, 91 S.Ct. at 1405–07 (construing federal statute imposing a prior restraint to require that judicial review be sought within 14 days and concluding that delays of between 40 days and six months could not be sanctioned).

---

10. The type of review necessary to determine whether a film is obscene, the issue in *Teitel Film Corp.* and *Freedman,* is quantitatively and qualitatively different from the types of evaluations that government officials must make in other contexts. *See Thirty–Seven Photographs,* 402 U.S. at 374, 91 S.Ct. at 1407. And, the need for haste is particularly great in the film exhibition context due to the relatively brief time period during which exhibitors typically present any given film. *See Freedman,* 380 U.S. at 61, 85 S.Ct.

at 740. A determination concerning the licensing or zoning of an adult bookstore, on the other hand, necessarily entails scrutiny of a greater variety of factors, and the applicant for permission to operate such an establishment has a greater incentive to endure the burdens associated with securing permission because approval of the application "is the key to the applicant's obtaining and maintaining a business." *FW/PBS,* 493 U.S. at 230, 110 S.Ct. at 607.

Moreover, because the Prince George's County ordinance prohibits adult bookstores from operating during the application process, it imposes a significant hardship on such establishments. In *Riley v. National Fed'n of the Blind of N.C., Inc.*, 487 U.S. 781, 801–02, 108 S.Ct. 2667, 2680, 101 L.Ed.2d 669 (1988), the Court concluded that a North Carolina law, which required professional fundraisers to apply for a license prior to soliciting charitable contributions in the state, was unconstitutional because it failed to impose time limitations on when a decision on the application had to be rendered. *See also Famine Relief Fund v. West Virginia*, 905 F.2d 747, 753 (4th Cir.1990) (applying *Freedman* factors and holding that a West Virginia charitable solicitation statute constituted an unconstitutional prior restraint on speech because it prohibited charitable organizations, whose application for a permit to solicit in the state had been denied, from doing so pending judicial vindication). Similarly, the Prince George's County adult bookstore ordinance requires that applicants for a special exception refrain from operating until the exception is granted.[11]

■ Although the County may properly regulate the time, place, and manner of an adult bookstore's operation through its zoning ordinances, to pass constitutional muster any zoning ordinance imposing a prior restraint on the exercise of protected speech must provide for a determination in as brief a time period as it may reasonably be accomplished. We cannot say that the 150–day time period for decision imposed by the County satisfies this standard.

### B.

■ Warwick Books also asserts that the ordinance imposes an unconstitutional prior restraint on speech because Maryland law fails to assure prompt judicial review of an administrative denial. In *Freedman*, the Court held that procedures which allowed up to four months for an initial judicial decision did not provide for sufficiently prompt judicial review in the film censorship context. 380 U.S. at 55, 59–60, 85 S.Ct. at 737, 739–40. The Court stated that "[a]ny restraint imposed in advance of a final judicial determination on the merits must ... be limited to ... the shortest fixed period compatible with sound judicial resolution." *Id.* at 59, 85 S.Ct. at 739. After holding that the Maryland procedures failed to pass constitutional muster, the Court compared them with those in a New York statute fashioned to prevent the sale of obscene books that was upheld in *Kingsley Books, Inc. v. Brown*, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957) (requiring a trial one day after the joinder of issues and a resolution within two days after the trial). *Freedman*, 380 U.S. at 60, 85 S.Ct. at 739–40; *see also Blount v. Rizzi*, 400 U.S. 410, 419–20 & n. 7, 91 S.Ct. 423, 430 & n. 7, 27 L.Ed.2d 498 (1971) (holding a federal statute constituted an unconstitutional prior restraint on speech in part because it failed to provide for a prompt judicial adjudication and reiterating "that the procedure considered in *Kingsley Books* ... [was] a model.") (internal quotation marks omitted); *Interstate Circuit, Inc. v. City of Dallas*, 390 U.S. 676, 690 n. 22, 88 S.Ct. 1298, 1306 n. 22, 20 L.Ed.2d 225 (1968) (holding prompt judicial review was assured by provision requiring a judicial determination within nine days of the decision of the administrative body); *Bantam Books*, 372 U.S. at 70, 83 S.Ct. at 639 (noting that prior restraint on speech "tolerated ... only where it ... assured an almost immediate judicial determination of the validity of the restraint"). In *Thirty–Seven Photographs*, the Court noted that delays in judicial determination as long as three months could not be sanctioned and construed a federal statute to require a judicial decision within 60 days to uphold the constitutionality of the statute. 402 U.S. at 372–74, 91 S.Ct. at 1406–07. The parties do not dispute that

11. We note that when the County amended its adult bookstore ordinance effective June 30, 1992 to impose time limitations on the decision-making process, it extended an amortization period for certified nonconforming adult bookstores. The amended ordinance provided that nonconforming adult bookstores could not continue to operate unless they applied for and obtained a special exception, but they were permitted to operate until January 1, 1993. Thus, the ordinance provided a time period within which adult bookstores could continue to operate while seeking a special exception. Whatever effect this grace period might have with respect to a challenge to the ordinance as applied, it does not resolve the facial challenge advanced by Warwick Books.

even with the benefit of the administrative order, at least 110 days would typically be required to obtain a judicial ruling after the denial of an application for a special exception. Given the instruction provided by the Court, we cannot conclude that the three and one-half month time frame for judicial decision under the present Maryland procedures ensures a sufficiently prompt judicial review.[12]

### III.

The questions presented are difficult, and there is little authority to guide our decision. Nevertheless, it is undisputed that at best an adult bookstore which seeks a special exception will face at least an eight-month delay from the date the application is filed to a judicial resolution of the application. We do not believe that the length of this delay can be considered the type of brief specified period followed by prompt judicial review required to guard against the abridgement of protected speech. Thus, we hold that the Prince George's County adult bookstore ordinance is an unconstitutional prior restraint on protected speech.

*REVERSED.*

12. The County asserted at oral argument that it had no control over the time limitations imposed by the Maryland Rules. However, the County is not without means to ensure that judicial review proceeds more promptly. For example, the County may impose upon itself more limited time restraints for filing the administrative record and responsive pleadings and memoranda than those provided by Maryland procedure.